## COMMONWEALTH *vs.* THOMAS MALONE.

**Intoxication** neither justifies nor extenuates an assault and battery.

A mother may use reasonable force to protect her daughter from a violent and indecent assault committed by a man, even though the daughter is sixteen years old ; and the use of such force does not justify the man in striking the mother.

Separate assaults upon different persons can by separate counts be united in one indictment.

A police officer who has arrested a man for voiding his urine upon a woman in the street can upon the prisoner's trial testify that his attention was called to the woman's dress, and that he saw that it was wet.

INDICTMENT for assault and battery. The indictment contained three counts, one for an assault upon a woman named Johnson, one for an assault upon a girl named Rennehan, and the third for an assault upon the mother of the girl.

At the trial in the Superior Court, before *Dewey*, J., there was evidence to show that the defendant, after drinking freely, merely "for social hilarity," in a bar room, went out and was making water against a lamp-post, when a Mr. Johnson and his wife passed by ; that he thereupon voided his urine upon Mrs. Johnson, which was the assault charged in one count; that he was then arrested by policeman Burke, and put into the police wagon for conveyance ; that in this vehicle were Mrs. Rennehan and her daughter, a girl of sixteen years of age ; that the defendant assaulted the daughter " with great violence " and put his hands upon her private parts and was tearing them, which was the assault charged in another count of the indictment, when the mother struck him and he returned the blow, which was the assault charged in the third count of the indictment.

The defendant requested the court to rule that as there were three counts the government must elect upon which they would rely, but the court refused so to rule.

Burke, the police officer, testified that he arrested the defendant, and that while he was talking with Mrs. Johnson, the defendant was some distance off and not within hearing. He was asked by the prosecution, " What was your attention called to ? " " What did you see ? " This was objected to by the defendant.

The objection was overruled, and he answered, " Her water-proof was wet all over the side."

The defendant requested the court to instruct the jury that " Mrs. Rennehan had no right to commit the assault upon Malone. She had no right in defence of her daughter, or in relation to the claimed assault, to strike Malone. A mother has no right to assault a person who is committing an assault upon a daughter of sixteen years of age, by virtue of her parental relation."

These instructions the court refused to give, but, instead thereof, charged the jury in these words : " The mother says that when she attempted to rescue her daughter she struck him (Malone). It is said by the defendant's counsel that she first struck him. It is said by the government that the circumstances were such as to justify her. The law gives the right, if the defendant was inflicting great violence on the daughter's person. The mother had a right to use as much force as was reasonably necessary to protect her person from great injury, and if she did not use more force than was reasonably necessary for that purpose, the use of such force was no justification of the defendant's blow upon Mrs. Rennehan."

The defendant contended " that the offences imputed to him in all three counts were done, if at all, while he was unconscious and in an irresponsible condition from intoxication, and while under momentary insanity produced by intoxication," and requested the court to rule as follows :

" Insanity is in law a status of the mind, and may consist in a derangement of the understanding or derangement of the moral nature, or delusion or absence of a controlling will, and may consist either in not knowing the act to be unlawful and morally wrong, or in that the prisoner had not reason sufficient to apply and be controlled by it. It is a diseased and disordered mental and moral status, which may impair or destroy either the understanding or the will, or both. If the act is not the act of a voluntary agent, but the involuntary act of the body, without the concurrence of a mind directing it, the act cannot be in law a crime. The cause and occasion of a state of insanity is immaterial ; the real question is as to its reality, and the alleged act

being committed while in that condition, and under its influence. There may be a state of insanity superinduced by the voluntary use of intoxicating liquors, which will absolve from criminality, provided the insanity be of such a character and exists to such an extent that the prisoner cannot control his will and regulate his conduct by the reason, but is pressed into the act by an irresistible impulse he cannot control, or is actuated by a delusion; if it amounts to the destruction of reason for the time being, it is a full defence; where it is so great as to render it impossible for a man to form any completed design, or have any criminal intent, it is a partial defence, by taking away the element of premeditation, design or intent. On the question of intent, intoxication is competent for the consideration of the jury, and if on the evidence the jury are of opinion either that the act of urinating in the street, or the violence in the "Maria" or in the station-house, were done while the man was so intoxicated that he did not know what he was doing, by reason of the drunkenness, he cannot be convicted on either count, there being no criminal intent. Where the intent to do a forbidden or an unlawful thing is wanting, the person commits no offence in law. There is no legal presumption of sanity in a person charged with crime. It is a matter of proof, and the burden is upon the government, in some way and by some means, to satisfy the jury of it beyond reasonable doubt, as a condition of convicting. The defendant in a criminal case is not required to prove his insanity in order to avail himself of that defence, but merely to create a reasonable doubt on this point; whereupon the burden of proving his sanity falls upon the Com monwealth. If the jury cannot say, beyond doubt, that the defendant was sane and in a responsible condition at the time of the charged offence, or cannot say whether at that time he was sane or insane, in a responsible or in an irresponsible condition, the defendant is to be acquitted. Upon the whole evidence, the jury must be satisfied that the act was done by a responsible agent, one capable of committing the offence. If there was no intent to urinate upon and against Mrs. Johnson, but that act was either accidental, or was the act of a man not knowing what he was doing, by reason of a state of intoxication, the defendant cannot be convicted either of a simple or of aggravated assault."

These requests were, for the purposes of the trial, given to the jury in the precise words as asked for, but the court added these words : " The rule of law is, that, although the use of intoxicating liquors does to some extent blind the reason and exasperate the passions, yet as a man voluntarily brings it upon himself, he cannot use it as an excuse, or justification or extenuation of the crime charged in this indictment. A man, because he is intoxicated, is not deprived of any legal advantage or protection ; but he cannot avail himself of his intoxication to exempt him from any legal responsibility which would attach to him if sober."

The jury returned a verdict of guilty upon all the counts, and the defendant alleged exceptions.

*G. W. Searle*, for the defendant.

*W. G. Colburn*, Assistant Attorney General, for the Commonwealth, was stopped by the court.

AMES, J. The instructions requested by the defendant and given by the court were of such a character as to justify, and indeed to require, the qualification added to them by the presiding judge. It is too well settled to be questioned, that intoxication is not an excuse, or justification or extenuation of a crime. *Commonwealth* v. *Hawkins*, 3 Gray, 463, 466. There is no ground for claiming that the present case comes within any exception to that rule. The rule laid down by the presiding judge as to the right of the mother to defend her daughter from violence and outrage was correct, and the rulings requested by the defendant on that point were properly refused. The three assaults, although upon three different persons, could properly be joined in one indictment, and the government was not under any necessity to elect to stand upon one count only. The testimony of the witness Burke, as to the condition of the woman's dress shortly after the alleged assault, was unobjectionable.

*Exceptions overruled.*