No. 9754.

## BENNETT ET AL. *v.* MEEHAN.

DRAINAGE.—*Evidence.*—*Appeal from Commissioners of County.*—*Highways.*— *Transcript of Record.*—Upon the trial of a proceeding to establish a ditch, appealed from the board of commissioners of a county to the circuit court, as in proceedings in highway cases, it may not be available error to admit in evidence parts, at least, of the record of such proceeding before the board, showing the preliminary steps taken by the petitioners.

SAME.—*Non-Expert Witness.*—*Opinion Based on Facts Stated.*—On such trial, it was proper to allow a witness who had stated in detail the number of acres in the vicinity of the ditch, and who had given its size and loca-

tion, to testify as to how many acres of land would be benefited by its construction.

SAME.—*Public Health.*—In such case, a further question: "You may state what effect, if any, the drainage of the wet land would have upon the public health of the community," was proper.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellants.

*D. Moss, R. R. Stephenson, W. S. Christian, L. O. Clifford* and —— *White,* for appellee.

ELLIOTT, J.—This is an appeal from the judgment of the Hamilton Circuit Court, sustaining the proceedings of the board of county commissioners in establishing a public ditch.

The only questions in the record are those presented by the ruling refusing a new trial.

The trial court permitted appellee to read in evidence a transcript of a part of the proceedings of the commissioners, and this ruling is complained of. Counsel do not point out any specific objections to the ruling, but say, " The record was not, in our opinion, competent evidence. The petition was prepared by the appellee, and, so far as this proceeding is con-cerned, stands as his complaint. Neither the petition nor the proceedings should have been allowed to go to the jury as ev-idence." We are inclined to think that part at least of the proceedings before the commissioners are proper to be read to the jury, not, perhaps, as evidence, but as pleadings showing the issues. In such a case no harm is done by reading what is proper as pleading in evidence, but what is not proper, either as pleading or evidence, should not go to the jury. It is, perhaps, not too much to say that it is essential to the plain-tiff's case that he shall show the preliminary steps taken be-fore the commissioners, for these are part of his case; at all events, it can not be error to permit parts at least of the record to be read. In proceedings for the collection of as-sessments for street improvements and in highway cases, it is proper, if not absolutely necessary, for the plaintiff to show the proceedings before the city or county authorities, and we

think that proceedings, under the statutes providing for the establishment of public ditches, fall within the principle of the rule which obtains in the class of cases to which we have referred.. The statute imposes upon the petitioners for a ditch specific duties, and these they must perform in order to bring themselves within the law. It has been decided in very many cases, that these questions may be litigated upon appeal, but, not in a suit for an injunction, or in any other collateral proceeding. There are some parts of the proceedings that are incompetent, as the reports of the reviewers, but we find no report of that kind in the transcript read in evidence. *Corey* v. *Swagger*, 74 Ind. 211, authorities, page 214.

It was proper to allow a witness who had stated in detail the number of acres in the vicinity of the ditch, and who had given its size and location, to testify as to how many acres of land would be benefited by its construction. This was the statement of a conclusion by a witness shown to have knowl-. edge of the facts upon which he based his conclusion, and who had detailed them to the jury. The conclusion stated by the witness can hardly be called an opinion, for it is the statement of a fact. The statement is, in truth, the expression of the result of an observation of facts made by the witness; but if it be treated as an opinion, it was admissible, for, as said in *City of Indianapolis* v. *Huffer*, 30 Ind. 235, " The rule is, that. any witness, not an expert, who knows the facts personally,. may give an opinion in a matter regarding skill, stating also the facts upon which he bases that opinion."

The court permitted the appellee to ask the witness of whom we have been speaking, this question : "You may state what effect, if any, the drainage of the wet land would have upon the public health of the community ; " and, in so doing, did not, as it seems to us, commit any error. It has long been the rule in this State, that a witness who is familiar with the facts, and who states them to the jury, may express an opinion although he is not an expert, if the case is one in which it is proper to express an opinion. *Doe* v. *Reagan*, 5 Blackf. 217

(33 Am. Dec. 466); *Kenworthy* v. *Williams*, 5 Ind. 375; *Colee* v. *State*, 75 Ind. 511. The question asked in this instance comes within this rule.

There is another class of cases in which a non-expert witness, familiar with the facts of the particular case, may state his opinion to the jury. Wharton thus expresses the rule: "So an opinion can be given by a non-expert as to matters. with which he is specially acquainted, but which can not be specifically described." 1 Whart. Ev., section 512. The rule is stated in not very different terms by Stephens. Stephens. Ev. 103. Many cases illustrate this rule; thus, a .witness. may state his opinion of a culvert, *City of Indianapolis* v. *Huffer, supra; Lund* v. *Tyngsborough,* 9 Cush. 36; that a horse is gentle, *Sydleman* v. *Beckwith,* 43 Conn. 9; that a certain substance is "hard pan," *Currier* v. *Boston, etc., R. R.,* 34 N. H. 498; that a highway was in good repair or that it was out of repair, *Alexander* v. *Town of Mt. Sterling,* 71 Ill. 366; *Clinton* v. *Howard,* 42 Conn. 294; that a certain liquid was whiskey,. *Commonwealth* v. *Dowdican,* 114 Mass. 257; that a train was. running at a specified rate of speed, *State* v. *Folwell,* 14 Kan. 105; *Commonwealth* v. *Malone,* 114 Mass. 295; that the weather was cold enough to freeze potatoes, *Curtis* v. *Chicago, etc.,. R. W. Co.,* 18 Wis. 312. In *Porter* v. *Pequonnoc, etc., Co.,* 17 Conn. 249, a non-expert witness, acquainted with the facts,. was permitted to give an opinion as to the sufficiency of a. dam, the court saying: "It was a question of common sense,. as well as of science." Other cases illustrating the general doctrine are collected by the author first cited as well as by Mr. Best in his work on evidence. Best Ev. 657. And to. them we may add *Barnes* v. *Ingalls,* 39 Ala. 193; *Morse* v. *State,* 6 Conn. 9; *McKonkey* v. *Gaylord,* 1 Jones (N. C.) 94; *Cunningham* v. *Hudson River Bank,* 21 Wend. 557.

We have examined the evidence and find nothing in it which will justify us in disturbing the verdict.

Affirmed.