| 10  | 120 |
| 164 | 355 |

EVANSVILLE, INDIANAPOLIS AND CLEVELAND STRAIGHT LINE RAILROAD COMPANY *v.* FITZPATRICK.

The opinion of a witness as to the amount of damage resulting from the construction or operation of a railroad, is not competent evidence.

The jury, in determining the amount of such damages, are to exclude from

their consideration all future benefits that may accrue to the owner of the land, from the construction or operation of the road.

The fact that a landholder is obliged, by the construction of a railroad through his farm, to make additional fences, may be considered in estimating the damages.

*Quære*, whether a railroad company can be compelled to maintain one-half of a partition fence separating its roadway from an adjoining farm.

A judgment in a proceeding to assess damages for land taken by a railroad company, which requires that not only the amount assessed by the jury, but also the costs of suit shall be paid before the land shall vest in the company, is erroneous.

May Term,
1858.

THE EVANS-
VILLE, &c.,
RAILR'D CO.
v.
FITZPA-
TRICK.

APPEAL from the *Pike* Circuit Court.

DAVISON, J.—This was a proceeding by the railroad company against *Fitzpatrick*, under the act entitled "An act for the incorporation of railroad companies." The plaintiffs having located their road, filed in the clerk's office of the Circuit Court a complaint, representing that a portion of the defendant's lands necessary for the construction of the road through the same, viz., four and one-half acres, had been appropriated for that use, and that they would apply for the appointment of arbitrators to assess the damage that might be sustained by such appropriation. And the defendant being notified, &c., the Court, upon the plaintiff's application, appointed three arbitrators, who returned an award allowing the defendant one cent damages. To this award, the defendant filed exceptions, which were sustained, and thereupon the Court ordered a reassessment by a jury of twelve men. The jurors, having examined the lands in question, heard the evidence adduced by the parties, and the charge of the Court, and having retired for consultation, returned a verdict for the defendant for 297 dollars. The plaintiffs moved to set aside the verdict; but the Court overruled their motion, and rendered the following judgment: "It is therefore considered, &c., that the defendant recover of the plaintiffs 297 dollars, together with the costs by him expended, &c. And that the plaintiffs, upon the payment of said judgment, do have and hold the land appropriated as described in the complaint, &c."

During the trial, the defendant propounded to witnesses

Tuesday,
May 25.

May Term,
1858.

THE EVANS-
VILLE, &C.,
RAILR'D CO.
v.
FITZPA-
TRICK.

certain interrogatories which were answered, and which, with the answers, are as follows:

1. "By the appropriation of four and one-half acres of the defendant's land to the purposes of the railroad, how much per acre will it injure his whole farm?" Answer: "*In my opinion*, it would injure the balance of the farm (146 acres) one dollar per acre."

2. "From your examination of the defendant's land, what amount of injury does he sustain by reason of the appropriation to the use of the railroad, of the track of such road? In estimating such injuries, you may take into consideration the quantity of land taken by the plaintiffs; the expenses of fencing the cultivated land; the manner in which the road is located through his farm; and all the injuries directly resulting from such appropriation." Answer: "Five hundred dollars."

To these interrogatories and answers, the plaintiffs, at the proper time, objected, upon the ground that witnesses could only testify as to facts, and should not be allowed to estimate damages, that being the province of the jury; but their objections were overruled.

As a general rule, witnesses are only permitted to state facts, such as are within their own personal knowledge. Opinions, beliefs and deductions, must be confined to the tribunal whose duty it is to decide upon questions of fact. There are, however, exceptions to this rule; but none of them relates to the point involved in the ruling of the Circuit Court. For instance, on questions of science, skill or trade, persons of science or skill, sometimes called experts, may not only testify to facts, but are permitted to give their opinions in evidence. And, in reference to property appropriated by railroad corporations, it has been decided that a witness who has personal knowledge of the property taken, and from his own experience and observation has become acquainted with its value, may give in evidence his opinion on that question. But the opinions of witnesses, as to the amount of damage done by the construction or operation of the road, are not competent evidence. They

may state the particular injuries, and the jury are to form their own conclusion of the amount, from the facts proved. Sedgw. on Dam. 588, 589.—1 Greenl. Ev. § 440.—16 Barb. 100.—Pierce on Am. Railroad Law, 200.

In the case at bar, the interrogatories, in effect, call upon the witness to estimate the damages, and the answers plainly show a mere opinion as to the amount. The plaintiffs' objections were well taken, and should have been sustained.

Upon the close of the evidence, the plaintiffs moved the following instruction:

"In the assessment of damages, the jury should make no deductions for any benefits that may be supposed to result to the defendant from the contemplated work; but they may take into consideration any direct and actual improvement of the balance of the same tract of land by drainage, in opening the side-ditches along the grade, by which it is made more valuable; if the jury find from examination, or from the evidence, such to be the fact." This instruction was refused, and its refusal is assigned for error.

As no benefits of any kind had accrued to the defendant when the cause was submitted for trial, we are unable to perceive how any other than supposed benefits could have existed in the contemplation of the jury. No one could know whether the lands of 'the defendant would or would not be made more valuable by drainage, in opening the side-ditches along the grade. And though it might be supposed, or even fully believed, that the ditches would be beneficial to the owner of the land, still such benefit had not accrued, and could have existed only in supposition. The statute says that in estimating such damages, "no deduction shall be made for any benefit that may be supposed to result to the owner from the contemplated work." 2 R. S. p. 193, § 711. This evidently intends to exclude from the consideration of the jury all future benefits that may accrue to the land-owner. Hence, the instruction was properly refused.

Further, the Court charged the jury that they might "allow defendant for fencing required to enclose his fields,

May Term,
1858.

THE EVANS-
VILLE, &C.,
RAILR'D CO.
v.
FITZPA-
TRICK.

but not his open woods, from the railroad; but that they should not allow him for rebuilding his fences for an indefinite period of time, nor for building fences, unless they find that it will be necessary for him to build additional fences to those he now has, to enclose his improved farm, or fields now enclosed; and they may allow for changing the position of the fencing to the road, if such change shall be rendered necessary."

This instruction is alleged to be erroneous because it told the jury to allow the defendant for the whole of the fencing necessary to enclose his fields exposed by the track of the railroad.

Where a landholder would be obliged, in consequence of the construction of a railroad through his farm, to build an additional fence, it would, no doubt, constitute a proper subject of consideration in estimating the damages; but the instruction before us contemplates a partition fence, and presents the inquiry, whether the land-owner would be obliged to build the whole or one-half of it? The law does not specially require a railroad company to fence their road, though it may be their interest to do so. Acts of 1853, p. 113. And the general law relative to enclosures, &c., simply declares that partition fences dividing lands occupied on both sides, except when otherwise specially agreed, shall be *maintained* throughout the year by both parties. 1 R. S. p. 293, § 15. Another section of the same statute points out the mode in which land-owners may be compelled to maintain a partition fence; but in relation to building such fence, the law is entirely silent. It seems to follow that the charge is correct—especially so far as it involves the conclusion that the defendant would be obliged, at his own expense, to build the additional fences. Whether the railroad company would be compelled to maintain one-half of such fence after it is built, is a question not before us.

An objection is raised to the form and effect of the judgment. As we have seen, it requires not only the amount assessed by the jury, but also the costs of suit, to be paid before the land appropriated shall vest in the plaintiffs. The act upon which this suit is based, provides that the

damages assessed shall be paid or tendered to the defend-
ant, and that the corporation, upon making such payment
or tender, shall hold the interest in the land, &c., and that
the cost of the proceeding shall be paid by the company,
&c. 1 R. S. p. 414, § 15. We are of opinion that pay-
ment of the costs of suit is not, by law, made a condition
upon which the corporation is to be entitled to the land;
and that the judgment is, in point of form, erroneous.

*Per Curiam.*—The judgment is reversed with costs.

*O. H. Smith,* for the appellants.

*R. A. Clements,* for the appellee.