## THE CITY OF LOGANSPORT *v.* McMILLEN.

EVIDENCE.—*Appropriation of Land for Street.—Opinion of Witness as to Damages.*—On the trial of a proceeding by a city to condemn certain land for the purposes of a street, it is improper to ask a witness the value of the strip of land appropriated, considered with reference to the manner the appropriation affected the remainder of the land.

SAME.—The opinion of the witness as to the value of the land appropriated may be taken, but the damage to the residue cannot be proved by the opinions of witnesses; the facts, circumstances, and situation may be shown, and from them the jury may estimate the damages.

From the Cass Circuit Court.

*M. Winfield,* for appellant.

*McConnell & Nalson,* for appellee.

The City of Logansport *v.* McMillen.

WORDEN, J.—This was a proceeding by the city to. condemn certain land for the purposes of a street, called Bates street.   McMillen, being the owner of a portion of the land to be condemned, appealed from the assessment of benefits and damages made by the commissioners to the court of common pleas, and the case finally passed into the circuit court for trial.   In the latter court, the cause was submitted for trial to the court, and the court found, that McMillen's damages exceeded the benefits in the sum of one hundred and ninety-five dollars, which the city ought to pay; and it was adjudged that the appropriation of the land stand confirmed.

The city moved for a new trial, but her motion was overruled.

There is but one question raised in the cause, and that relates to the admission of certain evidence.

McMillen, by his counsel, propounded to several witnesses the following question, viz.: "What was the value of the strip of land appropriated as McMillen's, for Bates street, considered with reference to the place taken out and the manner the appropriation affected the remainder of the land?"

This question was objected to by the city, when put to the several witnesses, on the ground that it was improper and incompetent evidence, and on the ground that the damages could not be shown in that way; but the objection was overruled, and exception taken.

The question was answered, in several instances, " five hundred dollars an acre," and in one instance, " two hundred and fifty or three hundred dollars an acre."

While it was competent for the witnesses to give their opinions as to the value of the land appropriated, it was not competent for them to give their opinions as to the damages which would result to the residue of the land from the appropriation. *Evansville, etc., R. R. Co.* v. *Fitzpatrick,* 10 Ind. 120; *Sinclair* v. *Roush,* 14 Ind. 450; *Bissell* v. *Wert,* 35 Ind. 54.

The value of the land appropriated is one thing, and this value is, of course, to be considered in determining how much the owner is damaged by the appropriation.   But how much

the residue of his land is damaged by the appropriation, is another and different thing. The damage to the residue cannot be proved by the opinions of witnesses, but the facts, circumstances, and situation may be shown, and from these the court or jury trying the cause may estimate the damages.

The question, so far as it seeks the opinions of the witnesses as to the value of the land appropriated, is right. Perhaps it is not objectionable, so far as it seeks opinions as to the value of the strip appropriated, " considered in reference to the place taken out," as this may refer to the identity of the land appropriated. But so far as it seeks the opinions of the witnesses as to the value of the strip appropriated, " considered with reference to  *  *  *  the manner the appropriation affected the remainder of the land," it is clearly wrong. The question, taken as a whole, was objectionable.

There is a fallacy in the question itself well calculated to mislead the minds of the witnesses. It assumes that the value of the strip appropriated may be enhanced or diminished, or in some way influenced by the effect which its appropriation may have upon the residue of the land. If the residue of the land was injuriously affected by the appropriation of the strip for the street, that was a circumstance entitling the owner to damages therefor; but it could in no way affect the value of the strip appropriated. And the damages arising from such injurious effect upon the residue could not be proved by opinions. The question presented to the minds of the witnesses two distinct elements *as going to make up the value of the* land appropriated; first, the value of the strip appropriated, considered by itself; and, second, the value considered in reference to the manner the appropriation affected the residue of the land. The witnesses must clearly have understood from this that, in fixing the value of the strip appropriated, they were at liberty to consider, as entering into that value, the injurious or beneficial effect which the appropriation had upon the residue of the land. Thus, the question as put involved two points, one upon which the witnesses could, and one upon which they could not, express opinions; and, being

put as an entirety, was objectionable, and the objection should have been sustained. The question involved, it should perhaps be observed, was properly saved.

The judgment below is reversed, with costs, and the cause remanded for further proceedings.