The Baltimore, Pittsburgh and Chicago R. W. Co., Ind. Div., v. Johnson.

RAILROAD.—*Appropriation of Lands.*—*Assessment of Damages.*—*Evidence.*— *Opinions of Witnesses.*—The opinions of witnesses as to the amount of damages sustained by a party, in the appropriation of lands for railroad purposes, are not competent evidence. The witnesses must testify as to facts, and the court or jury must determine the amount of damages from the facts proved.

SAME.—A question, which asks the witness how much less a farm would be worth by reason of the construction of a railroad across it, is objectionable as an indirect mode of obtaining the opinion of the witness as to the amount of damages resulting from the construction of the road.

SAME.—*Practice.*—*Harmless Error.*—Where evidence has been improperly admitted, and the Supreme Court is unable to say that it did not influence the finding below, it will reverse the case.

From the Porter Circuit Court.

*S. I Anthony*, for appellant.

*T. J. Merrifield* and *W. Johnston*, for appellee.

WORDEN, J.—This was a proceeding by the appellant, against the appellee, to condemn certain lands of the appellee for railroad purposes.

Johnson filed exceptions to the award of the appraisers or arbitrators, and thereby appealed to the circuit court, where the cause was tried by the court, and the defendant's damages were assessed at the sum of one thousand five hundred and fifty dollars, and judgment was rendered accordingly, over a motion made by the appellant for a new trial.

On the trial of the cause, the defendant introduced as a witness one Norman B. Tanner, who testified that he lived about a mile from Johnson's land, and knew the value of lands in that neighborhood; that Johnson owned 120 acres; that the south 80 acres, at the time of the appropriation, was worth forty dollars per acre, and the north 40 acres thirty dollars per acre. The defendant then propounded to the witness the following question:

"You may state how much less, if any, this farm of Johnson's would be worth by reason of the construction of the plaintiff's railroad across it, taking into consideration the amount of land taken by the railroad company, the additional fencing, if any, necessary, the manner in which it cuts the land, the inconveniences of crossing and recrossing, and the grade on which the road is constructed as it now is."

The plaintiff objected to the proposed evidence, on the ground that it required the witness to state a conclusion, and not a fact, and that the question required the opinion of the witness; but the objection was overruled, and the plaintiff excepted.

The witness thereupon answered as follows: "I would say, that it depreciates the value of the one hundred and twenty acres about twelve hundred dollars."

The defendant then propounded to the witness the fol-

lowing question : "If the Canada Southern road should be constructed first, on the same grade as plaintiff's road, with two crossings, and then plaintiff's road with two crossings, and then plaintiff's road should be constructed, how much less, if any, would the land be worth?"

The plaintiff objected to this question, for the reasons before stated. Objection overruled, and exception.

The witness thereupon answered as follows : "I would say twelve hundred dollars; that is what I meant by my former answer. This estimate is on the basis that plaintiff's railroad has no crossing on Johnson's land. In making this estimate, I took into consideration the Canada Southern having added for the right of way the amount of land appropriated for right of way and borrow pits, but did not take into consideration the damage done to defendant's orchard, if any, nor the pools of water in the borrow pits. There are pools of water in the borrow pits, and this would cause it to be somewhat unhealthy there, and would impair the sale of the land. One borrow pit can be drained; the other cannot. I think the water in the borrow pits would depreciate the value of the land one hundred dollars."

The defendant also called as a witness Erastus Lansing, who testified that he knew Johnson's land; thought the eighty acres, at the time of the construction of plaintiff's road, worth thirty-five or forty dollars per acre; had seen the land since the road was built; the land was worth a great deal less by reason of the railroad; it is about useless as a farm, and is worth but very little, if the Chicago and Canada Southern Railroad should be constructed on the line where it is located, with crossings, and then the plaintiff's road were built without crossings; the building of the plaintiff's road would greatly depreciate the value of the land.

The defendant then put to the witness the following question :

"If, now, the Chicago and Canada Southern Rail-

road was built on the same grade as the plaintiff's railroad, with two farm crossings, and then the plaintiff's railroad was built without crossings, how much less, if any, would that render the land worth?"

The plaintiff objected to this question, for the reasons before stated, but the objection was overruled. Exception.

The witness answered: "I would say twelve hundred dollars; this includes the value of the land taken, but does not include the cost of building fences. I could not tell much about the borrow pits."

The defendant asked another witness the following question, to which like objection was made and overruled: "How much less, if any, is the farm worth by reason of the water in the borrow pits?"

The witness answered: "I would make a deduction of two hundred dollars in the value of the farm."

The admission of the evidence thus objected to was duly assigned among the causes for a new trial.

We are of opinion that the court erred in admitting the evidence objected to. It is abundantly settled, that the opinions of witnesses as to amount of damages sustained by a party, whether in the appropriation of his land for railroad purposes or otherwise, are not competent evidence.

The witnesses must testify to facts, and the court or jury trying the cause must determine the amount of damages from the facts proved, and not from the opinions of witnesses. *Evansville, etc., R. R. Co. v. Fitzpatrick*, 10 Ind. 120; *Sinclair v. Roush*, 14 Ind. 450; *Mitchell v. Allison*, 29 Ind. 43; *Bissell v. Wert*, 35 Ind. 54; *The City of Logansport v. McMillen*, 49 Ind. 493; *The Cleveland and Pittsburgh R. R. Co. v. Ball*, 5 O. S. 568.

The questions put did not, in terms, ask the opinions of the witnesses as to the damages, but they could elicit no answers but such as were based upon opinion, on that subject. The questions put were but an indirect mode of

obtaining the opinions of the witnesses. While a witness might give his opinion on the subject of the value of the defendant's land, he might not as to the amount of damage done to it by the construction of the railroad; and, when stating how much less the land is rendered worth by the construction of the railroad, he is but stating how much in his opinion the land is injured by the construction of the road.

The appellee suggests, that this evidence was but cumulative, and that the finding was sufficiently sustained by other evidence, and, therefore, that it might be regarded as struck out, and let the finding stand. We, however, can not say that the finding was not based in some degree upon the objectionable evidence, or that the amount of the damages assessed would have been the same without as with it.

The judgment below is reversed, with costs, and the cause remanded for a new trial.