Scotten v. Divilbiss.

---

SCOTTEN v. DIVILBISS.

| 60 | 37 |
| 140 | 205 |
| 142 | 472 |

| 60 | 37 |
| 148 | 681 |

PRACTICE.—*Motion to Dismiss Appeal.*—*Highway.*—A motion to dismiss an appeal to the circuit court from an order of a board of commissioners vacating a highway need not be made in writing.

SAME.—The fact that such motion, and causes therefor, are in writing, does not preclude the party making it from assigning additional reasons orally.

SAME.—*Record.*—Such motion can be made part of the record only by a bill of exceptions, or, possibly, by order of the circuit court.

SAME.—*Bill of Exceptions.*—*Supreme Court.*—The action of the court on such motion, and an exception thereto, can be presented to the Supreme Court on appeal, only by a bill of exceptions.

From the Huntington Circuit Court.

*B. F. Ibach* and *W. C. Kocher*, for appellant.

*J. B. Kenner*, for appellee.

PERKINS, J.—Proceeding before the board of county commissioners for the vacation of a highway.

Vacation ordered by the board.

Appeal to the circuit court.

In that court, the following is a copy of the proceedings had, according to the journal entries of the clerk:

"David Divilbiss ⎱
     v.     ⎰
"John J. Scotten.

"Comes now the plaintiff, by J. B. Kenner and Branyan & Watkins, his attorneys, and the defendant, by B. F. Ibach, his attorney, and the defendant moves the court to dismiss this appeal, which motion is in these words, to wit:

"'State of Indiana,   ⎱ ss.   June term, 1871.
"'Huntington County. ⎰

"'David Divilbiss ⎱
     v.     ⎰
"'John J. Scotten.

"'David Divilbiss, petitioner in the above entitled cause, by J. B. Kenner, his attorney, moves the court to dismiss the appeal, or strike the papers from the files, for the following reasons:

"'1. The appellant, Scotten, was not a party before the board of county commissioners, and there was not an affidavit, sufficient under the law, showing the interest of said Scotten in the case decided by the board of commissioners, from which the appeal was taken.

"'2. The granting of an order to vacate a highway by the board of commissioners, for the purpose of changing said highway on another line established by the same board by a previous order, from which previous order an appeal had been taken through all the courts, is a final decision, and no appeal is authorized from such last order, it being a discretionary matter solely with the board of commissioners.      J. B. KENNER, Att'y for Pl'ff.'

"And afterwards, to wit, on the 17th day of June, 1871, the same being the 7th judicial day of the said Huntington Circuit Court, the following proceedings were had, to wit:

" David Divilbiss

       v.

" John J. Scotten.

" Come now the parties, by their attorneys, and the court, after being fully advised, does sustain said motion to dismiss the appeal, and the appeal in this cause is dismissed, to which ruling of the court the appellant excepts, and prays an appeal, which is granted, to the Supreme Court, and thirty days are given to file an appeal bond, in the sum of fifty dollars, with John Kintz as security."

A copy of the appeal bond follows, and the certificate of the clerk that the foregoing is a true and complete transcript of the proceedings in said cause, etc.

The name of the judge nowhere appears, as signed to the record.

The motion to dismiss in this case was in writing, and copied by the clerk into the record. But the law does not require motions to dismiss a cause, as it does motions for a new trial, to be in writing. Hence, reducing the motion to dismiss to writing, and specifying causes therein for a dismissal, did not preclude the party from orally presenting to the court additional causes for granting the motion.

The motion did not become a part of the record by force of any statute, and could only be made so by bill of exceptions, or, possibly, by order of court. What is not by law a part of the record, does not become so by being copied into it by the clerk. The statute, 2 R. S. 1876, p. 177, provides, that " Where the decision objected to is entered on the record, and the grounds of the objection appear in the entry, the exception may be taken by the party, causing to be noted at the end of the decision that he excepts." " Where the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exception to writing," etc.; that is, get a bill of exceptions and file the same, etc. Secs. 345, 346.

We shall not stop here to consider and ascertain just how the decision, under the statute quoted, must be entered on the record, and how the objections must appear in the entry, to enable a party to take a valid exception, by causing it to be noted at the end of the decision that he excepts.

As the written motion to dismiss is no part of the record, and no objections to the decision of dismissal appear in the entry of dismissal, the record presents no question to this court for decision.

Where the statute speaks of matters being entered in the record, and appearing in the record, it means in the legal record. The following cases are in point: *Orr* v. *Worden*, 10 Ind. 553; *Burntrager* v. *McDonald*, 34 Ind. 277; *Alspaugh* v. *The Ben Franklin, etc., Association*, 51 Ind. 271; *Hasselback* v. *Sinton*, 17 Ind. 545. See *The Mayor, etc.,* v. *The State, ex rel., etc.,* 57 Ind. 152.

The judgment is affirmed, with costs.