Loshbaugh v. Birdsell.

No. 10,089.

## LOSHBAUGH v. BIRDSELL.

WITNESS.—*Opinion.*—*Evidence.*—*Utility of Highway.*—In a proceeding to establish a highway, on trial in the circuit court, the opinion of witnesses that such highway will or will not be of public utility is not admissible in evidence, even when the facts upon which the opinion is based are stated.

From the St. Joseph Circuit Court.

*A. Anderson,* for appellant.

*L. Hubbard,* for appellee.

BEST, C.—This proceeding was instituted by the appellant and others for the location of a highway across the appellee's land. An order was made locating the road and awarding damages to the appellee. An appeal was taken to the circuit court, and upon the trial the jury, to whom the issues were submitted, returned a verdict that the highway would not be of public utility. A motion for a new trial made by the appellant was overruled, and judgment was rendered upon the verdict.

The ruling upon the motion for a new trial is assigned as error. This motion embraces several causes, none of which are relied upon except the ruling of the court in permitting a couple of witnesses to express an opinion that the road would not be of public utility. These witnesses were called by the appellee, and after they had testified to the location of the road, the nature of the soil over which it was to be constructed, the amount of grubbing and grading required, the fences to be removed, the probable expense, the proximity of the proposed highway to other highways, the probable amount of travel, and the number of persons whom it would accommodate, the appellee propounded to one of them this question: "From the facts stated do you consider that the proposed highway would be of public utility?" The appellant objected to this question, on the ground that it called for the opinion of the witness upon the issue submitted to the jury. The objection was overruled, and the witness answered "No; I do not think it would be a road of public utility." The same

question was propounded, the same objection made, and, in substance, the same answer given by the other witness. Did

Did the court err in the admission of this testimony? The general rule is that the opinion of witnesses is not admissible in evidence. *Evansville, etc., R. R. Co.* v. *Fitzpatrick,* 10 Ind. 120; *Bissell* v. *Wert,* 35 Ind. 54.

There are, however, many exceptions to this rule. In Greenleaf on Evidence it is said: "Non-experts may give their opinions on questions of identity, resemblance, apparent condition of body or mind, intoxication, insanity, sickness, health, value, conduct, and bearing, whether friendly or hostile, and the like." See 1 Greenl. Ev., 13th ed., note to sec. 440, p. 495, also *Johnson* v. *Thompson,* 72 Ind. 167 (37 Am. R. 152); and it may be added that whenever the subject-matter to which the testimony relates can not be reproduced or described to the jury precisely as it appeared to the witness, and the facts upon which an opinion is sought are such as men in general are capable of understanding, then the witness may express his opinion upon such facts. *Commonwealth* v. *Sturtivant,* 117 Mass. 122 (19 Am. R. 401); 1 Whart. Ev., section 512, and authorities there cited.

This case, however, does not seem to us to fall within any exception to the general rule. There was no difficulty in putting the jury in possession of all the facts pertinent to this enquiry, and they are supposed to be as well qualified to form an opinion from the facts as the witnesses themselves. In *Whitmore* v. *Bowman,* 4 Greene (Iowa), 148, it is said that "in no case should a witness be permitted to express an opinion as evidence, where the jury, to whom the facts are submitted, are supposed to be equally well qualified to form an opinion;" and this rule was approved by this court in *Bissell* v. *Wert, supra.* The appellee relies upon the case of *Bennett* v. *Meehan,* 83 Ind. 566 (43 Am. R. 78). That case is unlike this one. The question there was what effect, if any, the drainage of wet land would have upon the public health of the community. The question falls clearly within the exceptions to the

general rule, that a witness can not state an opinion. The matter sought to be elicited could not be specifically stated, nor accurately described to the jury, and, therefore, the opinion of the witness was admissible in evidence. The court, in support of its conclusion that the question was proper, cites this rule from 1 Whart. Ev., section 512 : "So an opinion can be given by a non-expert as to matters with which he is specially acquainted, but which can not be specifically described," and cited many cases illustrating it. The case at bar is different. There was no difficulty, as before stated, in proving the facts to the jury, and hence this case is not within the rule that governed the other case. In *Hagaman* v. *Moore*, 84 Ind. 496, this court held that the opinions of witnesses were not admissible to prove the benefits to a given parcel of land by the location of a highway across it, but the same must be proved by the facts and circumstances. The question in that case is analogous in principle to the question in this case, and the court, in discussing it, said that the jury, in determining the question, must judge, as they would of the public utility of the proposed way, by the facts and circumstances, without the aid of the opinion of witnesses. This, we think, must be the rule in this class of cases. The admission of these opinions also seems to trench upon the rule that witnesses can not usurp the province of the jury, which they would do were they allowed to express opinions upon the very issue upon trial. This can not be done in cases where opinions are admissible. This case, it seems to us, falls within the general rule, and that the opinion of witnesses is not admissible to prove that a proposed highway will or will not be of public utility. The court erred in the admission of this testimony, and for this error the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instructions to grant a new trial.

Opinion filed at the November term, 1882.
Petition for a rehearing overruled at the May term, 1883.