Yost *et al. v.* Conroy.

Filed Jan. 5, 1884.

---

No. 9991.

YOST ET AL. *v.* CONROY.

EVIDENCE.— *Witness.—Opinion.—Drainage.—Damages.— Cases Disapproved.*
—The opinion of a witness as to the public utility of a ditch sought to be established by law is not proper evidence. So, also, as to the damages which it will cause to the lands of a party; but the opinion of one acquainted with the property, as to its value with and without the ditch, is proper evidence. Some of the reasoning in *Hagaman* v. *Moore,* 84 Ind. 496, and *Baltimore, etc., R. W. Co.* v. *Johnson,* 59 Ind. 247, disapproved.

PRACTICE.—*Record.—*A motion to dismiss an appeal from county commissioners requires an order of court or bill of exceptions to bring it into the record.

From the Cass Circuit Court.

*D. C. Justice, S. T. McConnell* and *R. Magee,* for appellants.
*M. Winfield* and *Q. A. Myers,* for appellee.

ELLIOTT, J.—There is much confusion and some conflict in our cases upon the subject of proving benefits and damages to land affected by the construction of ditches, turnpikes and ways, and this case requires an examination of that subject. In cases of confusion and conflict, the better way is to search for principle and adopt that view which stands most firmly on sound principle.

It is an elementary doctrine, that witnesses who are acquainted with the value of property may express an opinion as to the value. Thus far all is plain and free from doubt. *Ætna L. Ins. Co.* v. *Nexsen,* 84 Ind. 347 (43 Am. R. 91) ; *Bowen* v. *Bowen,* 74 Ind. 470 ; *Johnson* v. *Thompson,* 72 Ind. 167 (37

Am. R. 152); *Ferguson* v. *Stafford,* 33 Ind. 162; *Crouse* v. *Holman,* 19 Ind. 30; *Sinclair* v. *Roush,* 14 Ind. 450; 1 Greenl. Ev. (13th ed.), section 440, n.; 1 Whart. Ev., section 447; Abbott Trial Ev. 310. The opinions of witnesses as to value are competent in prosecutions for crimes. *Printz* v. *People,* 42 Mich. 144; S. C., 36 Am. R. 437.

Opinions of witnesses as to the amount of benefits or damages sustained by a party are not competent. *Evansville, etc., R. R. Co.* v. *Fitzpatrick,* 10 Ind. 120; *Evansville, etc., R. R. Co.* v. *Stringer,* 10 Ind. 551; *Mitchell* v. *Allison,* 29 Ind. 43; *Kirkpatrick* v. *Snyder,* 33 Ind. 169; *Bissell* v. *Wert,* 35 Ind. 54; *City of Logansport* v. *McMillen,* 49 Ind. 493; *Baltimore, etc., R. W. Co.* v. *Johnson,* 59 Ind. 247; *Baltimore, etc., R. W. Co.* v. *Stoner,* 59 Ind. 579; *Noah* v. *Angle,* 63 Ind. 425; *Ohio, etc., R. W. Co.* v. *Nickless,* 71 Ind. 271. It may well be held that these cases declare the general rule correctly, since to hold otherwise would put the witnesses in the place of the jurors, and commit to them the decision of the amount of recovery. A contrary doctrine would also violate the rule that witnesses can not express an opinion upon the precise point which the issues present for the decision of the jury.

There is not, however, the slightest conflict between the two propositions stated. It is one thing to prove the value of property, and quite another to prove what damages have been sustained by a party, or how much benefit has accrued to a litigant. This obvious distinction was noted in one of the earliest cases, where the court said: "There is manifestly a difference in stating the value of an article as a fact, and giving an opinion as to the amount of unliquidated or consequential damages." *Evansville, etc., R. R. Co.* v. *Cochran,* 10 Ind. 560. The distinction is pointed out in the late case of *Johnson* v. *Thompson, supra,* and it was there said: "The authorities recognize a well defined distinction between the opinion of a witness as to the amount of damages sustained in a given case and his opinion as to the value of a service

or commodity, concerning which he has been called upon to testify."

Many things enter into the estimate of benefits and damages besides the value of the land taken, and the value of the residue with and without the improvement, so that in expressing an opinion as to the value a witness does not give an opinion as to the amount of the benefit or damages; he does no more than furnish evidence upon one of the elements of the estimate.

It is impossible to conceive that juries or courts can justly estimate benefits and damages without the aid of opinions of values from competent witnesses, unless, indeed, it be assumed that courts and juries have knowledge of the values of all kinds of property. If this assumption were just, then, no doubt, all that would be needed would be an accurate description of the property; but every one knows that in the very great majority of cases neither courts nor juries possess such knowledge as would enable them, unaided by opinions, to affix just values to property.

It is the purpose of evidence to place jurors in possession of such facts as will enable them to award the litigant that which he is justly entitled to recover. In order to justly measure the amount of recovery, the jury must, where property rights alone are concerned, know the value of the thing of which the plaintiff is deprived, and whatever evidence tends to place them in possession of this knowledge should be regarded as competent. Opinions from witnesses of integrity and knowledge must always be of service to impartial triers upon such a question. The weight of a witness' opinion depends upon his knowledge, his integrity, and the facts which he states as constituting the basis of his judgment. It is, therefore, not correct to assume that wild or ill considered opinions will control; on the contrary, the presumption of the law is exactly the reverse. It is to be presumed that only the opinions of honest witnesses, possessed of competent

knowledge, and assigning sufficient grounds for their judgment, will prevail.

The question which here directly faces us is this: Is it competent to prove the value of land before a ditch is constructed, and what its value will be after the construction of the ditch? It can not be doubted that such evidence tends to assist in determining the question of damages and benefits, nor is there reason for supposing that it is not material. The situation of the land and the location and capacity of the ditch may be described with perfect accuracy, and yet a jury be utterly unable to form a just estimate of the amount of benefits or damages. Of what assistance to a jury composed of clergymen, merchants, and bankers would be a description of the minutest accuracy, without some estimate of values by competent witnesses? Possibly, it would enable such a jury to form a crude conjecture; it could do but little more. In such a case as that supposed, the testimony of witnesses possessed of knowledge and honesty, expressing their opinion of the value of the land with and without the ditch, would go very far in assisting the jury to a safe and just conclusion. It is no doubt true that such evidence is subject to some objections, but is there any class of human evidence entirely free from imperfections? If it be subject to objection greater in degree than evidence of facts, is it not true that the same objections will lie against opinions of values in every imaginable case? If we should declare the evidence incompetent upon this ground, then we must close the door against the admission of opinions in all classes of actions, for if the objections are valid in the one instance, so they are in all. But they are valid in none.

The latest case in our reports upon this question is that of *Indianapolis, etc., R. R. Co.* v. *Pugh*, 85 Ind. 279, and that sustains the competency of evidence of the value of the land before and after the construction of a railroad. The question was considered in the case of *Frankfort, etc., R. R. Co.* v. *Windsor*, 51 Ind. 238, and the ruling was in favor of the ad-

missibility of the evidence.   There are other cases which de-
clare the same general principle.   The case of *Ferguson* v.
*Stafford,* 33 Ind. 162, is one of them.   It was there held that
it was proper to permit a witness to express an opinion as to
the value of land before and after waste had been committed
upon it by the defendant.   Another is that of *Sidener* v. *Es-
sex,* 22 Ind. 201, where it was held that the measure of dam-
ages for injuries arising from the location of a highway is
the difference of value between the land with the highway
and without it.   The cases cited upon the first proposition
stated tend in the same direction.   Against this doctrine we
have the cases of *Hagaman* v. *Moore,* 84 Ind. 497, and *Bal-
timore, etc., R. W. Co.* v. *Johnson,* 59 Ind. 247.   The cases of
*Baltimore, etc., R. R. Co.* v. *Stoner, supra,* and *Baltimore, etc.,
R. W. Co.* v. *Johnson,* 59 Ind. 480, can not be regarded as in
point.   The question asked the witness in the latter case, in-
dependent of the consideration of the right to an opinion
upon the value of the land, was improper, and that is all that
was decided.   In the former of these last named cases, the
question asked the witness was:   " What, in your judgment,
is the damage to the farm by the railroad cutting it in that
shape?" and this brought the case fully within the rule de-
clared in *Evansville, etc., R. R. Co.* v. *Fitzpatrick,* and cases
of that class.   It may possibly be correct to hold that where
benefits can not be taken into consideration, as in cases of ap-
propriations for railroad purposes, the question can not be
asked a witness as to the value of the land without the rail-
road, and what it would be with it, and on that ground, per-
haps, the cases of *Hagaman* v. *Moore, supra,* and *Baltimore,
etc., R. W. Co.* v. *Johnson, supra,* may be sustained.   *White
Water Valley R. R. Co.* v. *McClure,* 29 Ind. 538 ; *Grand Rap-
ids, etc., R. R. Co.* v. *Horn,* 41 Ind. 479.   But this point we
do not decide, for a decision is not now required.

A careful examination of the books and cases has satisfied
us that where there is no law excluding benefits from consid-
eration in estimating damages, or where the question is one

affecting the right to assess benefits, a witness may state his opinion of the value of the land without the proposed ditch or highway, and what its value would be with the highway or drain. This requires of us a disapproval of much of the reasoning in *Hagaman* v. *Moore, supra,* and *Baltimore, etc ,* *R. W. Co.* v. *Johnson, supra.*

There seems to be, elsewhere than in Indiana, very little diversity of judicial opinion upon the proposition that a witness may state his opinion of the value of land with and without the proposed highway or ditch. The only question is whether he may not give his opinion in broad, general terms as to the extent of the injury or benefit. The cases are so numerous that we shall not undertake to cite them, but will content ourselves with an examination of the text-books. It is said, in Mills on Eminent Domain, section 165, that "The general rule is, that witnesses shall not testify how much the property is damaged, or give their opinion as to the amount of damages. They may testify as to the value of the property, and as to the value of the property before and after the improvement, but not as to the effect of the change in adding to or taking from such value. The extent of damages is to be proved by facts, and estimated by the jury. Hence a witness can not be asked the value of the land with the strip taken out. Notwithstanding the array of authorities above cited, there seems to be a growing tendency to allow witnesses to give an opinion on the amount of damages." To the authorities cited by this author upon the last proposition may be added, *Pittsburgh, etc., R. R. Co.* v. *Robinson,* 95 Pa. St. 426 ; *Snow* v. *Boston, etc., R. R.,* 65 Me. 230 ; *Swan* v. *County of Middlesex,* 101 Mass. 173. Mr. Pierce says : "The opinions of witnesses, conversant with the value of the land taken, are admissible to prove such value ; and, where a part only is taken, to prove the value of the whole before the taking, and the value of what remains after the taking." At another place he says : "Opinions are admissible as to the amount of damage or benefit resulting to an

estate from the construction and working of a railroad. The amount may also be calculated by comparing the valuations of the property before and after the taking, as made by the witnesses,—a method which is relieved of the objection that the amount of damages is the issue to be found by the jury." Pierce Railroads, 225, 227. Cases from most of the courts of the country are cited in support of the text. Judge Redfield, in speaking of the opinions of witnesses upon the subject of benefits and damages, says: "One may enumerate some of the leading facts upon which such an opinion is based; but after all, the testimony, as to facts, is excessively meagre, without the opinion of the witness, either upon the very subject of inquiry, or some one as near it as can be supposed. Hence in those courts where the opinion of witnesses, in regard to the value of property, real or personal, is not admitted, it leads to sundry shifts and evasions, in the course of the examination of witnesses upon that subject, which, while it is not a little embarrassing in itself, at the same time illustrates the inconsistency, not to say absurdity, of the rule." 1 Redf. Railways, p. 291. Wharton says: "So the influence on value of certain patent conditions (*e. g.* railroad construction, opening of highways) may be thus estimated by witnesses of business sagacity, of ordinary familiarity with such values." 1 Whart. Ev. 447. In a recent work on evidence, the distinction between proving in general terms the damages sustained and proving specific value is referred to, and the author says: "It is, however, well settled that a competent witness may be asked to state his opinion as to the value of property before and after the injury complained of." At another place this author says: "The true principle would seem to be, and has been so laid down in a carefully considered case, that whenever the question of value and the question of damages are identical, that then the opinions of witnesses may be received as to the amount of damages." Rogers Expert Testimony, pp. 211, 213.

Witnesses were allowed to state their opinions as to the

public utility of the proposed ditch.    This was error.    The general rule is against the admissibility of the opinions of witnesses; there are, however, many exceptions to this rule, but this case does not come within any of them.    Where matter of health or disease is concerned, or like mental or physical conditions become the subject of enquiry, then opinions may be expressed.    So, where the matter of which the witness speaks is one which he can not describe, or which can not be fairly presented to the jury without an opinion, then opinions are competent.    So, also, where the matter is one which the jury could not fully understand without an opinion of one who has knowledge of the facts, or of an expert witness who has a peculiar knowledge of the thing involved, or, where the conclusion is one arising from an observation of facts, the opinions of witnesses may be received.    *Bennett* v. *Meehan,* 83 Ind. 566; S. C., 43 Am. R. 78; *Loshbaugh* v. *Birdsell,* 90 Ind. 466; *Town of Albion* v. *Hetrick,* 90 Ind. 545; Whart. Ev., section 447.    As shown in *Loshbaugh* v. *Birdsell, supra,* an opinion upon the utility of a public ditch or highway is very different from an opinion concerning matters of public health.    In the first case, a witness can fully describe the locality of the ditch or highway; he can, in the case of a highway, state what roads connect with the highway, or what accommodations it will afford the public, or, in the case of a drain, show what lands will be drained by it, and other like matters.    In either case a jury may readily be put in full possession of the facts.

It is a general rule that a witness can not be allowed to express an opinion upon the exact question which the jury are required to decide.    Professor Greenleaf says: "Nor is the opinion of a medical man admissible, that a particular act, for which a prisoner is tried, was an act of insanity."    1 Greenl. Ev., section 440.    An English writer, in speaking of the competency of opinions, says: "But here the witness can not in strictness be asked his opinion respecting the very point which

the jury are to determine." 2 Taylor Ev., section 1278, p. 1229; *White* v. *Bailey,* 10 Mich. 155; *Fairchild* v. *Bascomb,* 35 Vt. 390. The cases holding that general opinions as to the amount of damages suffered by a plaintiff are not competent, are based upon this general principle. We can see no reason why the general rule should not apply to a case where the question is whether the ditch or highway will be one of public utility. The question is one upon which no especial learning or experience is required, and in such cases opinions are not, as a general rule, allowed to go to the jury. Rogers Exp. Tes. 10-12, *vide* authorities n., p. 13.

It is competent for the Legislature to declare that former acts shall not be deemed repealed, and when this declaration is made courts will carry it into effect wherever it can possibly be done without disregarding the provisions of the later act. The act of 1879, upon the subject of ditches and drains, provides that the act of 1875 " shall not be in any way affected by the provisions of this act, but this act and said last mentioned act shall be entirely separate, and neither shall be so construed as to affect or modify the other." We think that there is no such irreconcilable conflict between the two acts as requires us to hold that the earlier must give way, and the case is, therefore, not within the rule declared in the cases of *Bate* v. *Sheets,* 64 Ind. 209; *Deisner* v. *Simpson,* 72 Ind. 435. The act of 1879 is confined in its operation to ditches not exceeding three miles in length; while that of 1875 applies to all ditches not exceeding in length the limits of the county within which they are located; and the former act may, therefore, be regarded as applying only to ditches not exceeding three miles in length.

The judgment must be reversed for the error in permitting witnesses to express their opinions as to the public utility of the ditch, and, as the case will be again tried, it is unnecessary to consider the other questions discussed.

Judgment reversed.

Filed Oct. 30, 1883.

### ON PETITION FOR A REHEARING.

ELLIOTT, J.—It is insisted that we did not in the original opinion consider the appellee's assignment of cross errors, and so far as the fact that we did not consider them is concerned counsel are correct, but in stating that we were bound to consider them counsel are in error. This we say, because the record does not present the questions on which the assignment of cross errors is based. A motion to dismiss an appeal from a judgment of the board of commissioners because of the insufficiency of the appeal bond is not in the record unless carried into it by a bill of exceptions, or made part of it by a special order of court. This is expressly ruled in *Scotten* v. *Divilbiss,* 60 Ind. 37, and the ruling is in strict harmony with settled rules of practice. A motion which forms a necessary part of the pleadings or record need not be embodied in a bill of exceptions, but special or collateral motions should be. The principle laid down in the early case of *Engard* v. *Frazier,* 7 Ind. 154, is even more broad than that declared in *Scotten* v. *Divilbiss, supra,* and the doctrine goes even farther back, for in *Conoway* v. *Weaver,* 1 Ind. 263, it was decided that there should have been a bill of exceptions showing the cause of the dismissal, otherwise the action of the court will be presumed to have been correct. The case of *Burntrager* v. *McDonald,* 34 Ind. 277, sanctions and enforces this doctrine, as do also the cases of *Smith* v. *Smith,* 15 Ind. 315; *Aspinwall* v. *Board, etc.,* 18 Ind. 372; *Carr* v. *Thomas,* 34 Ind. 292; *Dritt* v. *Dodds,* 35 Ind. 63; *Orr* v. *Worden,* 10 Ind. 553; *Meeker* v. *Board, etc.,* 53 Ind. 31; *Ross* v. *Misner,* 3 Blackf. 362. The recent cases of *Hancock* v. *Fleming,* 85 Ind. 571, and *Lippman* v. *City of South Bend,* 84 Ind. 276, give unqualified approval to *Scotten* v. *Divilbiss, supra.* We do not feel bound to prolong our opinions in every case by discussing questions which well settled rules of practice declare not to be in the record, but, constrained by the earnest brief of appellee's counsel, we have thought it

proper to refer to the cases we have cited. In these cases will be found a full and conclusive answer to all that is urged in the argument on the petition.

Petition overruled.

Filed Jan. 5, 1884.