The Indiana, Bloomington and Western Railway Company v. Hale.

No. 10,867.

## THE INDIANA, BLOOMINGTON AND WESTERN RAILWAY COMPANY v. HALE.

RAILROAD.—*Fencing.*—*Evidence.*—*Witness.*—*Opinion.*—Where it is in question whether a railroad could properly be fenced at a certain place, it is not competent to take the opinion of witnesses upon the question, but the jury must be left to decide that question upon the facts proved.

From the Marion Circuit Court.

*C. W. Fairbanks*, for appellant.

*T. S. Adams*, for appellee.

HAMMOND, J.—Complaint in two paragraphs by the appellee against the appellant to recover damages for killing appellee's horse. The first paragraph of the complaint charged that the railroad, at the place at which the horse entered, was not securely fenced in. The second paragraph was based upon the alleged negligence of the appellant's employees.

The venue was changed, on the the appellant's application, from the Hendricks Circuit Court, where the action was commenced, to the court below. Upon issues joined, there was a trial by the court, resulting in a finding and judgment for the appellee, over the appellant's motion for a new trial and exceptions. The overruling of the appellant's motion for a new trial is the only error properly assigned in this court.

The evidence tended to show that the animal was killed by a freight train on the appellant's railroad, in Raintown. The principal contention was whether the railroad could properly have been fenced at the place at which the horse entered upon the track and was killed.

A witness for the appellee, testifying as to the place in question, was asked by appellee's counsel this question:

"I will ask you if there was a fence on the north side of the railroad right of way, would it interfere with the rights of the company in any way?" The witness answered, "No, sir."

Another witness was asked by the appellee's counsel this question:

"If there had been a fence there, would it have interfered with the rights of the company in any way?"

The witness replied: "No, sir, it would not interfere with anything; for even if it was going to be used for anything, there is no time in the season a person could go over it."

The appellee's counsel asked another witness the following question:

"I will ask you, in your opinion, would a fence between this vacant lot and the railroad right of way, extending from the lot on the west to the lots on the east, interfere with the rights of the company?"

The question was answered: "It would be no disadvantage to the railroad company or to the public."

Another witness was asked by the appellee's attorney:

"Could it (the railroad) have been fenced there without any inconvenience to the railroad company?"

The answer was: "Yes, sir."

The contexts show that the foregoing questions and answers had reference to the place on the appellant's railroad where the injury complained of occurred. To each of the above questions, before it was answered, the appellant made proper objections, but these were overruled, exceptions to the rulings were taken, and each of the witnesses answered as stated.

The general rule is that a witness must not give his opinion, but must testify as to facts. To this rule there are some exceptions. The opinion of an expert in any art, science, trade, profession or mystery, may be given where it is proper for the decision of a question relating to the issues in a case. There are many cases in which opinions of witnesses, who are not experts, may be taken. It is difficult, if not impossible, to lay down a rule applicable to all cases, to say when and under what circumstances the opinion of a witness may or may not be competent. In *Concord Railroad* v. *Greely*, 23 N. H. 237, the court said: "Upon subjects of general knowledge, which are understood by men in general,

and which a jury are presumed to be familiar with, witnesses must testify as to facts alone and the jury must form their opinions. In such cases the testimony of witnesses, as experts merely, is not admissible."

In *Commonwealth* v. *Sturtivant,* 117 Mass. 122 (19 Am. Rep. 401), it was said: "The exception to the general rule that witnesses can not give opinions, is not confined to the evidence of experts testifying on subjects requiring special knowledge, skill or learning; but includes the evidence of common observers, testifying to the results of their observation made at the time in regard to common appearances or facts, and a condition of things which can not be reproduced and made palpable to a jury. Such evidence has been said to be competent from necessity, on the same ground as the testimony of experts, as the only method of proving certain facts essential to the proper administration of justice. Nor is it a mere opinion which is thus given by a witness, but a conclusion of fact to which his judgment, observation, and common knowledge has led him in regard to a subject-matter which requires no special learning or experiment, but which is within the knowledge of men in general." Again, in the same case, upon this subject it was also said: "The competency of this evidence rests upon two necessary conditions: First, that the subject-matter to which the testimony relates can not be reproduced or described to the jury precisely as it appeared to the witness at the time; and second, that the facts upon which the witness is called to express his opinion, are such as men in general are capable of comprehending and understanding."

The opinions of experts may be taken in matters of art, science, etc., because, even though they be able to give the facts, special knowledge is required to draw correct conclusions therefrom. One skilled in medical science might, without the expression of an opinion, state facts that would enable others of like skill to understand the character of a particular malady. But as men in general could not, from such

facts form a correct judgment, the court would, in a proper case, take the opinion of the medical witness as to the nature of the disease.   There are also cases where non-experts may give their opinion in evidence.   But this is allowable only where it is impracticable for the witness to reproduce to the jury the facts upon which his opinion is based.   Thus a witness may give his opinion as to the identity of property.   Except in rare cases one can not describe property with such particularity as will enable the jury to conclude that it was the property in controversy.   The points of description would apply to so many other things like that in dispute that the mind would be left in uncertainty as to the identity, even if there was no conflict in the statement of witnesses.

We think it may be stated, generally, that the opinion of a witness is not admissible in evidence where the facts upon which it is founded can be stated to, and intelligently comprehended by, the court or jury trying the case, and where, from such facts, men in general are capable of drawing reasonably correct conclusions.

The law requiring railroad companies to fence their roads securely, and making them liable, without reference to negligence, for animals killed by their locomotives and cars at places where such fences have not been made, does not apply to points on their road where the fencing of the same would materially interfere with the rights of the public or of the railroad companies.   For obvious reasons, a railroad company may not fence across a public highway, nor is it required to do so at places where it would interfere with receiving and discharging passengers or freight.   It may be said in general that it requires no special knowledge to know whether a given point on a railroad should or should not be fenced.   Men usually, from a knowledge of the facts upon this point, can draw correct conclusions, and witnesses, acquainted with the facts pertaining to the location, can present the same in evidence to the court and jury.   The opinion of a witness in such case is not necessary, and should not, therefore, be

given. *Toledo, etc., R. W. Co.* v. *Smith,* 25 Ind. 288; *Mitchell* v. *Allison,* 29 Ind. 43; *Jones* v. *State,* 71 Ind. 66; *City of Logansport* v. *McMillen,* 49 Ind. 493; *Baltimore, etc., R. W. Co.* v. *Johnson,* 59 Ind. 247; *Noah* v. *Angle,* 63 Ind. 425; *Bennett* v. *Meehan,* 83 Ind. 566 (43 Am. R. 78); *Walton* v. *State,* 88 Ind. 9. We do not say that there may not be cases in which expert evidence upon the question of fencing may not be admissible, but the present is not such a case.

We think that there was error in permitting witnesses to give their opinion as to whether the place in controversy on the appellant's railroad could properly have been fenced. It is true the witnesses testified as to the facts, but as their opinions were erroneously received, and may, to some extent, have influenced the finding of the court, we are unable to say that the error was harmless.

Judgment reversed at the appellee's costs, with instructions to the court below to sustain the appellant's motion for a new trial, and for further proceedings.

