The Terre Haute and Logansport R. R. Co. v. Crawford et al.

No. 11,019.

THE TERRE HAUTE AND LOGANSPORT RAILROAD COMPANY v. CRAWFORD ET AL.

RAILROADS.—*Right of Way.—Award of Appraisers.—Exceptions.—Issue.—Evidence.—Damages.*—Where a railroad company appropriates land for its right of way, and the appraisers appointed to appraise the damages of the owner of the land, by reason of such appropriation, file their award of such damages, and the owner appeals from such award and excepts thereto upon the ground, among others, that the damages awarded were inadequate and unjust, for the reason that when the road was built, as proposed, upon the line appropriated, it would be necessary for the owner to fill his land, from two to five feet, the entire length of the line appropriated, at large cost to him, and where, upon the trial of the issue thus tendered, evidence is admitted tending to prove the cost of making such fill, as an element of the owner's damages, the railroad company can not successfully complain of the admission of such evidence as error for the first time in the Supreme Court.

SAME.—*Cost of Fill.—Evidence.—Instruction.—Error.*—Where, upon the trial of the issue so tendered, evidence is offered and admitted, without objection or exception, tending to prove the cost to the owner of making such fill, an instruction, to the effect that in determining the amount of the owner's damages arising from the appropriation of his land for such right of way, it is proper for the jury to consider, among other things, the cost to him of making such necessary fill, is within the issues and applicable to the evidence in the cause, and, therefore, is not an available error.

SAME.—*Evidence.—Opinion of Non-Expert.*—The opinion of a non-expert witness, as to the cost or value of the work in making such fill, is competent evidence.

SAME.—*Appropriation for Right of Way.—Appeal from Appraisers' Award.—Payment of Final Damages.—Vesting of Title.*—Where a railroad company appropriates land for its right of way, and the appraisers award damages to the owner of the land, from which award an appeal is taken to the proper court, the payment to the clerk of the damages awarded by the appraisers will operate only as a license to the railroad company to take possession of the land so appropriated; and the title to such land will not vest in such railroad company until it has fully paid the damages finally assessed and adjudged in favor of such owner upon the final determination of such appeal by the proper court.

From the Cass Circuit Court.

The Terre Haute and Logansport R. R. Co. *v.* Crawford *et al.*

*D. B. McConnell, R. Magee, S. T. McConnell, D. D. Dyke-man, W. T. Wilson* and *G. C. Taber,* for appellant.

*J. C. Nelson* and *Q. A. Myers,* for appellees.

HOWK, J.—On the 23d day of October, 1882, the appellees were the owners of a certain tract or lot of land, containing nearly eight acres, lying within the corporate limits of the city of Logansport, in Cass county. About the same date, the appellant deposited in the clerk's office of the court below a written instrument of appropriation, wherein it proposed to appropriate all the right, title and interest of the appellees in and to a strip of such land, fifty feet in width and extending through the land on a slight curve, the same width, four hundred and seventy-six and one-half feet in length, for the purpose of constructing, maintaining and operating thereon the main track of an extension of appellant's railroad, etc. Appraisers were duly appointed to appraise the damages which the appellees would sustain by reason of such appropriation of their land, and such appraisers made due return to the clerk of the court below of their appraisement of appellees' damages, setting forth therein that the value of the land taken by the appellant was $200, and that the residue of the land would be damaged in the further sum of $200. Written exceptions to the appraisers' award of damages were filed both by the appellees and the appellant, and the issues of fact arising thereon were submitted to a jury for trial. A general verdict was returned for the appellees, assessing their damages, by reason of appellant's appropriation of their land, at the sum of $1,250; and with such verdict the jury also returned into court their special findings on particular questions of fact, submitted to them by the parties under the direction of the court. Over the appellant's motion for a new trial, the court rendered judgment against it, in appellees' favor, for the damages assessed and costs.

In this court, error is assigned by the appellant, which calls in question the decision of the trial court in overruling

its motion for a new trial. In this motion, a large number of causes were assigned for such new trial, but of these we will consider such only as the appellant's counsel have discussed in their elaborate briefs of this case. In their statements of this cause, as preliminary to the first matter of which they complain, the appellant's counsel say: " It will be seen from an examination of the record, that the land in controversy lies in the northeastern portion of the city of Logansport, in a body of about eight acres; that appellant's right of way runs in an eastern direction, in a very slight curve, across the south side of the tract, cutting off and separating from the main tract about one-half of an acre; that when appellant's track is completed to grade, there will be an embankment from west to east, between appellees' land and the main portion of the city of Logansport, about three feet high at the west line of appellees' land, and rising by an ascending grade until it is nearly five feet high at the east line of their land, on the west line of Michigan avenue, thus leaving on the north side of the appellant's track about two acres, possibly three acres, of appellees' land that will be from three to five feet lower than the surface of appellant's track." Of the foregoing statement, the appellees' counsel say: " We believe that the appellant has, in its brief, stated correctly the character of the construction of the road through appellees' land; that the line of the road is on a curve, with a gradually ascending grade from west to east, making a fill the entire distance of four hundred seventy-six and one-half feet, averaging from three to six feet in height. None of the land was low, flat, swampy or wet, before the location and construction of the road. That part, about which the witnesses testify it will be necessary to fill, was high and dry with a gradual ascent to the north, only suitable and valuable for residence purposes. * * * The jury further find, as a fact, that after the location of the road, before these lands could be used for building purposes, it would be necessary to fill them up."

With these statements of the respective counsel before us, we come now to the consideration of the first alleged error of law occurring at the trial, of which complaint is made in argument by appellant's counsel, namely, that, "as a measure of the appellees' damages resulting to them by reason of the appellant's appropriation of their land, the court allowed appellees to offer and give testimony tending to prove the cost of filling up of those low lands, over the appellant's objections." The point is made by appellees' counsel, and it seems to us to be sustained by the record, that the appellant saved no exceptions to the rulings of the court in the admission of this evidence; that the court was not requested by the appellant to instruct the jury to disregard such evidence, and that particular questions of fact, depending for their answer upon this evidence, without any objection thereto by the appellant, were submitted by the court to and answered by the jury. In this state of the record, the appellees' counsel earnestly insist that the appellant's objections to the admission of evidence tending to prove the cost of filling up the appellees' land, which was lower than the embankment of the railroad, as a measure or, rather, as an element of the appellees' damages resulting to them by reason of the appellant's appropriation of their land, come too late when made in this court for the first time, and can not be considered as affording any sufficient ground for the reversal of the judgment.

In their first brief of this cause, the appellant's counsel next complain in argument of the following instruction to the jury, given at appellees' request: "The question submitted to you is one of damages, arising from the appropriation of the lands of certain persons named in the article of appropriation. In determining this question, it is proper for you to consider the value of the land actually taken, at the date of the appropriation, the effect upon and injury, if any, caused to the remainder of the land by the appropriation, the cost, if any, the construction will occasion to the owners in rendering it necessary for them to fill up lots or remaining

portions of the land," etc. This is only a brief extract from a very long instruction, but it is all of it of which complaint is made here by the appellant's counsel. Did the court err in instructing the jury that it was proper for them to consider, in determining the amount of appellees' damages by reason of the appellant's appropriation, the cost, if any, the construction of the railroad would occasion to the appellees in rendering it necessary for them to fill up their lots or the remaining portions of their land?

In one of their exceptions to the award of damages by the appraisers, the appellees said that such award was inadequate and unjust, and not commensurate with the damages they would sustain on account of appellant's appropriation, for the reason that when the road was constructed on the line appropriated to the established grade, there would be a fill across their lots and land the entire length of the land appropriated, of from two to five feet, which fill would render the adjoining land and lots of much less value, because it would be necessary to fill them two to five feet before they could be used for any purpose, or be marketable at any price; that to make such fill would put the appellees to an additional cost of $1,500, and in that amount would damage their property, etc.

This exception tendered one of the issues which were tried by the jury, and evidence was offered and admitted, without objection by the appellant so far as the record shows, tending to sustain the exception. Indeed, it seems to us from the record, that the cause was tried below upon the theory that the cost of filling appellees' land and lots, rendered necessary by the construction of appellant's railroad, was a proper matter to be considered by the jury in estimating the amount of appellees' damages, caused by the appropriation. Without deciding whether or not this theory was correct, we are of opinion that the instruction complained of was within the issues and applicable to the evidence, in this cause, and that it affords no sufficient ground, therefore, for reversing the judgment below.

One Frederick Behrens, a witness for appellees, testified that he lived in Logansport and was sexton of the cemetery; that he had some experience in hauling dirt and filling up lots in the city of Logansport, and had done "lots" of that kind of work and knew what it was worth; that he knew where the appellees' land lay, had worked there and had seen it before, for some years; that he knew where appellant's railroad ran through such land, had hauled gravel up there; and that he had examined the lay of appellees' lots north of the railroad. He was then asked by the appellees' counsel: What was it worth to fill up these lots? Appellant objected to the question, "for the reason that it is not a matter that an expert can be called upon to testify in relation to, and because it must be arrived at by giving the number of yards of dirt necessary," etc. The court overruled the objection, the appellant excepted, and the witness answered: "It is worth from $800 to $1,000.

This ruling of the court was assigned as cause for a new trial by appellant, and is complained of here as erroneous. Counsel say: "Appellant submits that it was not competent for the witness to state what it would cost to fill the three acres. That was one of the questions, if allowable in the case at all, which the jury were to decide. Had the witness stated facts upon which his conclusion rested, it would have been the exclusive province of the jury to determine the cost of the fill." In support of their argument, appellant's counsel cite the cases of *City of Logansport* v. *McMillen*, 49 Ind. 493, and *Ohio, etc., R. W. Co.* v. *Nickless*, 71 Ind. 271, and they add: "Without further discussion of this question, appellant cites the recent case of *Yost* v. *Conroy*, 92 Ind. 464 (47 Am. R. 156), in which case the precise question is presented and decided." We are of opinion, however, that the question propounded and the answer of the witness thereto, in the case in hand, are not in conflict with the rules of evidence declared in either of the cases cited and relied upon by appellant's counsel. On the contrary, we think that the evidence complained

of here was clearly competent, under the rule of evidence recognized and acted upon by this court, in *Johnson* v. *Thompson*, 72 Ind. 167 (37 Am. R. 152). This rule is thus stated in Greenleaf on Evidence, vol. 1 (13th ed.), section 440, note: "Non-experts may give their opinions on questions of identity, resemblance, apparent condition of body or mind, intoxication, insanity, sickness, health, value, conduct, and bearing, whether friendly, or hostile, and the like." The rule has been repeatedly recognized and followed in the more recent decisions of this court. *Bowen* v. *Bowen*, 74 Ind. 470; *Smith* v. *Indianapolis, etc., R. R. Co.*, 80 Ind. 233; *Ætna Life Ins. Co.* v. *Nexsen*, 84 Ind. 347 (43 Am. R. 91); *Yost* v. *Conroy, supra.* In the case last cited, which is one of the cases cited by appellant, the doctrine is said to be elementary, that witnesses acquainted with values may express their opinions in relation to values. Under this rule, it was clearly competent for the witness, Behrens, to express his opinion as to what it would be worth to fill up appellees' lots. Of course, the appellant had the right, by cross-examination, to draw out the basis of the witness' opinion, and to show thereby, if he could, that such opinion was of little or no value; but the opinion was none the less competent and admissible in evidence, for whatever it might be worth.

We can not disturb the general verdict of the jury upon the ground of excessive damages. In answer to a particular question of fact, propounded by appellant and submitted by the court, the jury found upon evidence tending to sustain such finding, that the value of the entire tract of land owned by appellees, at the time of and immediately before appellant's appropriation, was $6,500, and that the value of the balance of the land, after the appropriation was made, was $5,250. The difference between these two sums is $1,250, which, as we have seen, is the amount of the general verdict.

The last error of which complaint is made here by appellant's counsel, is the overruling of the motion to modify and correct the judgment below, and to strike therefrom the fol-

lowing words: "And that the title to such right of way shall vest in said railway company, when this judgment, interest and costs are paid and satisfied." There is no error, we think, in this decision of the court. The precise question arising on appellant's motion was presented to and decided by this court, adversely to the position and argument of appellant's counsel, in *Lake Erie, etc., R. W. Co.* v. *Kinsey*, 87 Ind. 514. In that case, as in the case at bar, the railroad company proceeded to condemn and appropriate a right of way for its road, under the provisions of section 3907, R. S. 1881, in force since May 6th, 1853, and, having paid to the clerk the damages awarded by the appraisers, took possession of such right of way. There as here, also, the owner of the land filed exceptions to the award of damages and appealed to the circuit court, where, on trial had, the damages were largely increased, and judgment was rendered accordingly. Such judgment was not paid, and the owner brought an action against the railroad company to recover possession of the land appropriated for its right of way. Upon the foregoing facts, it was held by this court in the case last cited, that the owner was entitled to recover, and, further, that the payment to the clerk of the damages, awarded by the appraisers, did not vest the title to the land appropriated in the railroad company, but operated only to give it a license to take possession, subject to the result of future litigation, and determinable upon its failure to pay the compensation found just on final trial.

We have now considered and passed upon all the questions discussed by appellant's counsel, in their briefs of this cause, and our conclusion is that no error is saved in or shown by the record, which authorizes or requires the reversal of the judgment.

The judgment is affirmed with costs.

Filed Feb. 20, 1885.