164   349 -
f167  413

</div>

# AMERICAN TELEPHONE & TELEGRAPH COMPANY *v.* GREEN.

[No. 20,524.    Filed March 10, 1905.]

1. EVIDENCE.—*Agency.—Conclusion.*—The questions, "You may state whether or not you had any authority from defendant to enter into a contract with the plaintiff whereby the company would be bound, or to bind the company to pay the plaintiff $40 a month until he had recovered from the injury," and "What was your authority from the company—what authority did you have?" were properly rejected by the trial court, since their answers must necessarily be conclusions, and be a usurpation of the province of the jury.    p. 353.

2. SAME.—*Agency.—Authority.*—The facts constituting the agency or authority to do a thing are admissible in evidence, but a question which must be answered by a conclusion or inference is improper, since the jury can draw the conclusions and inferences as well as the witness, and under the law that is their exclusive right.    p. 354.

3. SAME.—*Principal and Agent.—Communications in Absence of Plaintiff.*—A letter written by the agent to the principal in explanation of a release executed by plaintiff, and conversations between such

principal and such agent, all in the absence of plaintiff, concerning a settlement made by such agent with plaintiff, are incompetent where there was no question of ratification or estoppel in the case.   p. 355.

4.   NEW TRIAL.—*Evidence.*—*Sufficiency.*—A new trial will not be granted to defendant in a case where plaintiff and his wife affirm the execution of an oral contract in release of a cause of action that defendant would pay plaintiff as long as he was unable to work on account of injuries received, and the defendant's agent denies same, but admits the release and payment of a nominal sum, the agency to settle being admitted, and no notice of any limitations as to the terms being communicated to plaintiff, since the powers of the agent are presumed to be coextensive with the business in which such agent is engaged.   p. 356.

5.   PRINCIPAL AND AGENT.—*Authority of Agent.*—*Inference.*—By inference of law an agent has authority to do any and all acts necessarily incident to the performance of the duty entrusted to him by his principal.   p. 357.

From Porter Circuit Court; *Willis C. McMahan,* Judge.

Action by John H. Green against the American Telephone & Telegraph Company.   From a judgment for plaintiff for $5,000, defendant appeals.   Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Affirmed.*

*Johnston, Bartholomew & Bartholomew,* for appellant.
*N. L. Agnew* and *Henry E. Cutler,* for appellee.

MONTGOMERY, J.—Appellee brought this action for damages, for the breach of a contract between the appellant and appellee, by the terms of which appellant agreed to pay to him his wages, doctor bills and expenses until he was able to go to work after his recovery from an injury received because of appellant's negligence while in its employ.   In consideration for this agreement appellee executed a release relinquishing all claims against appellant for damages for his said injury.   A trial by jury resulted in a verdict for appellee.   Appellant's motion for a new trial was overruled, and an exception properly saved, and judgment rendered on the verdict.

The assignment of errors calls in question only the ruling

on the motion for a new trial.   The grounds of the motion for a new trial were that the verdict is not sustained by sufficient evidence and is contrary to law, and error in excluding certain items of evidence offered.

The facts shown by the evidence immediately connected with the points controverted on this appeal are, in substance, as follows:   Appellee was forty-four years of age at the time of the trial, and went to work for the appellant in 1895.   He was employed in stringing wires, taking out old poles, taking off and putting on cross-arms, putting on guys, cutting off and lowering poles, and all kinds of work incident to the erection and repair of telegraph and telephone lines.   He continued in the employ of the appellant until the 11th day of January, 1902, when he fell from the top of a pole by reason of the breaking of a body belt, from which fall he received a fracture of the right thigh and right arm, resulting in a permanent disability.   Daniel P. Tice was the district foreman of the appellant, and stationed at Chicago, and as such had the oversight of several gangs of men—one in Illinois, one in Indiana and one in Wisconsin.   He employed the appellee to work for the appellant, and went with him up into Wisconsin to the work in which appellee was engaged at the time of his injury, near Sylvania.   Appellee was hurt about 5 o'clock on Saturday evening, and, on the following Monday, Tice, having learned of his injury, came out from Chicago, and on behalf of appellant took charge of him, employed an additional surgeon, and paid for his board and for an attendant for seven weeks and four days.   About the first of March appellee signified his desire to be taken to his home at Hobart, Indiana, and Tice came and accompanied him, and paid all of his expenses of transportation.   Appellant paid all of appellee's doctor bills, as well as board and charges for nursing while he remained in Wisconsin; in all amounting to about $580. Appellee was receiving $40 per month and expenses at the time of receiving his said injury.   On the 22d day of March,

1902, Tice visited appellee at his home for the purpose of securing his signature to a release, the blank form of which he took with him from Chicago, having received the same from appellant's superintendent Bell. He obtained the signature of appellee to the release, and immediately thereafter paid him $81, $40 being for the month of February and $40 for the month of March and $1 for the special consideration named in the release. Appellant afterwards paid appellee $60, $30 being for the month of April and $30 for the month of May, but thereafter refused to pay him any further sums, or to comply with the terms of the contract upon which appellee claims the release was obtained. Tice's general orders were to hire and discharge men, to pay them, pay boards bills at the end of each month, prepare each man's salary voucher, see that the employes did their work right, and that they paid their board bills. If any employe did not do his work right, Tice had authority to discharge him at once. His duties were to inspect and ascertain the condition of lines, and see that the linemen keep them in repair, look for weak poles and cross-arms, determine when a line needed overhauling, and to make estimates of the cost of repairs. He had general supervision and oversight of the employes in his district. It was a part of his duties, under special instructions from the company, to settle a damage suit resulting from injury to an employe. His authority and instructions from the company were not usually in writing. He received the blank form of release from W. E. Bell, appellant's district superintendent in the city of Chicago and at the office of the company; and his instructions were to visit appellee and procure his signature to the release and return it to the company. He obtained the release, as appellee and his wife testified, by the promise on behalf of the company that it would pay appellee his usual wages, doctor bills and expenses until such time as he was able to resume his work. He executed the release, his wife attesting the same, and Mr. Tice transmitted it by mail to

W. E. Bell, district superintendent, and at the time of the trial it was still retained by appellant. The release is in words and figures following: "Know all men by these presents, that I, John H. Green, of Hobart, Lake county, Indiana, in consideration of the sum of $1, and other good and valuable consideration to me in hand paid by the American Telephone & Telegraph Company, the receipt whereof is hereby acknowledged, have remised, released and forever discharged, and by these presents do for myself, my heirs, executors and administrators, remise, release and forever discharge said American Telephone & Telegraph Company of and from all manner of actions, causes of action, claims and demands whatsoever in law or equity, which against the said American Telephone & Telegraph Company I ever had, now have, or which I, my heirs, executors and administrators, hereafter can, shall or may have, for, upon or by reason of any matter, cause or thing whatsoever, and especially for, upon or by reason of the accident which happened to me on January 11, 1902, when I fell from pole No. 2,693 while working on Chicago-Milwaukee line, belonging to the American Telephone & Telegraph Company, from the beginning of the world to the date of these presents. In witness whereof I have hereunto set my hand this day of March 22, 1902. John H. (his x mark) Green. Mrs. Freida M. Green. Sealed and delivered in the presence of Daniel P. Tice, district foreman."

1.    Appellant insists that the trial court erred in sustaining appellee's objection to each of the following questions: "Mr. Tice, you may state whether or not you had any authority from the defendant to enter into a contract with the plaintiff whereby the company would be bound, or to bind the company to pay the plaintiff $40 a month until he had recovered from the injury?" and, "What was your authority from the company—what authority did you have?" In sustaining appellee's objection to each of these questions,

the court at the time indicated that he did so solely because of the form of the question, and stated to the appellant at the time of making his ruling that he did not refuse to allow appellant to prove by the witness, in response to these questions or to any other proper question, any directions given to him by the company or his superior officers. Appellant rested its whole defense upon the want of authority in Tice to make the contract relied on by appellee. The question whether Tice was authorized by appellant to make said contract was the real issue, and the ultimate fact to be determined by the jury. The general rule is that witnesses must testify to facts, and not to opinions. They must state facts only, and not draw conclusions or inferences. It is not proper to allow one who is not an expert to express an opinion in any case upon a question with relation to which all the facts may be placed before the jury; and to receive as evidence the opinion of a lay witness upon the precise issue submitted for trial in such case would permit the witness to usurp the province of the court or jury trying the cause. *Evansville, etc., R. Co.* v. *Fitzpatrick* (1858), 10 Ind. 120; *Loshbaugh* v. *Birdsell* (1883), 90 Ind. 466; *Delliman* v. *Crooks* (1883), 91 Ind. 158; *Yost* v. *Conroy* (1883), 92 Ind. 464, 47 Am. Rep. 156; *Indiana, etc., R. Co.* v. *Hale* (1884), 93 Ind. 79; *Thompson* v. *Deprez* (1884), 96 Ind. 67; *Stephenson* v. *State* (1887), 110 Ind. 358, 59 Am. Rep. 216; *Hughes* v. *Beggs* (1888), 114 Ind. 427; *Brunker* v. *Cummins* (1892), 133 Ind. 443; *Hamrick* v. *State, ex rel.* (1893), 134 Ind. 324; *Johnson* v. *Anderson* (1896), 143 Ind. 493; *Sievers* v. *Peters Box, etc., Co.* (1898), 151 Ind. 642; *Brackney* v. *Fogle* (1901), 156 Ind. 535.

2.    The facts exhibiting what authority appellant expressly conferred upon Tice, and whether it authorized him to make the agreement in suit, could have been fully placed before the jury. If the authority was in writing, the writing itself was the best evidence; if it was oral, the witness could have stated the instructions and directions that were

given to him, and the sources from which and the circumstances under which they were received. When these facts were fully disclosed, express authority to make the contract upon the particular terms embodied in it as claimed by appellee might be wanting, and yet such facts and circumstances be shown as would justify the jury in implying the requisite authority. If the witness had been permitted to answer the questions above set out, it is manifest that his answer would have been merely the expression of an opinion, or legal conclusion. He was confessedly the agent of appellant for some purposes, and in stating that he was or was not authorized to make the contract in question his answer would have been, of necessity, the result of inferences and deductions drawn by him from undisclosed facts. His answer might have been founded upon the opinion of some lawyer, or upon his own belief, that such authority must be in writing, or must issue from the board of directors, or some particular officer of the company. In matters of opinion or legal conclusion of this character the trial tribunal is as well qualified to reason out the resultant opinion as the witness, and under the law it alone is competent to do so. *State* v. *Williams* (1872), 67 N. C. 12; *Ferguson* v. *Hubbell* (1884), 97 N. Y. 507, 49 Am. Rep. 544, and cases cited. The court properly sustained appellee's objection to each of these questions, and at the same time indicated the correct method of eliciting the desired facts, and offered appellant the opportunity to propound proper questions for the purpose. There was no error in the court's action, and appellant has no just grounds for complaint.

3. Appellant complains further of the ruling of the court in excluding the letter written by Tice to Superintendent Bell, in which he enclosed the release in question, and in sustaining appellee's objection to each of the following questions: "After you had procured Mr. Green [the plaintiff] to sign this release, and had returned to the office of the company, what, if anything, did you say to the com-

pany about the release?" "What, if any, knowledge did the company have that you had made any contract with Mr. Green to pay him $40 a month in settlement for injuries— $40 per month so long as he was unable to work, until he had recovered?" Appellee's action was founded and tried upon the theory that appellant, acting through its agent, Mr. Tice, made the contract in question. There was no plea of ratification or estoppel. If Mr. Tice was authorized, either expressly or impliedly, by appellant, to make the contract upon which appellee relies, and did make it, then in legal effect appellant made it and had knowledge of the fact, and it was immaterial what report Tice thereafter made to his superior officer, and nothing transpiring between appellant and its agent in the absence of appellee could affect his rights; and no error was committed in excluding the evidence offered upon this point. *Andrews* v. *Robertson* (1901), 111 Wis. 334, 87 N. W. 190, 87 Am. St. 870, 54 L. R. A. 673.

4. The remaining question is the sufficiency of the evidence to sustain the verdict. Appellee and his wife testified to the making of the contract in the terms declared upon in the complaint. Daniel P. Tice denied their statements in part, but the jury accepted the testimony of appellee and his wife; and in accordance with long-settled and fundamental principles we can not reweigh the conflicting evidence. The evidence otherwise was without contradiction, and, in our opinion, fully sustains the verdict of the jury. Daniel P. Tice was the district foreman of appellant, and was furnished a blank form of release, and sent by appellant to obtain appellee's signature thereto. It must have been known to appellant that the execution of such a contract by appellee without any consideration would be a nullity. Mr. Tice was therefore of necessity clothed with apparent authority to agree upon the consideration. He did so, as claimed by appellee, and in accordance with such agreement then and there paid two months' salary to appellee, and

appellant accepted the benefit of said contract by receiving and retaining said release. If appellant gave Tice any special instructions limiting the consideration he was authorized to pay or promise on its behalf, and he did not disclose the same to appellée, then appellant must suffer, if, as its agent, he exceeded his instructions in that regard. "The powers of the agent are, *prima facie,* coextensive with the business intrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals." *Insurance Co.* v. *Wilkinson* (1871), 13 Wall. 222, 20 L. Ed. 617; *Slater* v. *Capital Ins. Co.* (1894), 89 Iowa 628, 57 N. W. 422, 23 L. R. A. 181; *Hatch* v. *Taylor* (1840), 10 N. H. 538; *Dreyfus* v. *Goss* (1903), 67 Kan. 57, 72 Pac. 537; *National Bank, etc.,* v. *Old Town Bank* (1902), 112 Fed. 726, 50 C. C. A. 443; 1 Am. and Eng. Ency. Law (2d ed.), 988.

5. In the case of *Alabama, etc., R. Co.* v. *Hill* (1884), 76 Ala. 303, 307, it is said: "The precise question sought to be raised is, not that Wadsworth had no authority to employ Hill, but that he had no authority to agree on the amount of his wages. We can not agree to this. Authority to do an act, includes the power to do everything necessary and usual to its accomplishment. Power to employ an agent or servant, if there be no restrictive words, includes the authority to make a complete express contract, definite as to the amount of wages, as upon all other terms." The same principle is declared in *Farrington & Post* v. *Hayes* (1893), 65 Vt. 153; *Smith* v. *Tate* (1886), 82 Va. 657; *Law* v. *Stokes* (1867), 3 Vroom 249, 90 Am. Dec. 655; and *Benjamin* v. *Benjamin* (1843), 15 Conn. 347, 39 Am. Dec. 384. Our own cases fully sustain the doctrine, and this court has repeatedly affirmed the principle that "An agent has, by inference of law, power to do any and all acts necessarily incident to the performance of the duty required of him by his principal." *Shackman* v. *Littlle* (1882), 87 Ind. 181; *Cleveland, etc., R. Co.* v. *Closser* (1890), 126 Ind.

348, 9 L. R. A. 754, 22 Am. St. 593; *Over* v. *Schiffling* (1885), 102 Ind. 191; *Dickson* v. *Lambert* (1885), 98 Ind. 487. See, also, *Barnett* v. *Gluting* (1892), 3 Ind. App. 415; *Indiana, etc., R. Co.* v. *Snyder* (1895), 140 Ind. 647. It is manifest that upon these well-established principles of law the jury were warranted in finding from the evidence that appellant authorized Mr. Tice to make the contract as claimed by appellee, and that he did make it on behalf of appellant. It follows that the verdict is sustained by sufficient evidence, and is not contrary to law, and that there was no error in overruling appellant's motion for a new trial.

The judgment is affirmed.

Gillett, J., did not participate in this decision.