## CHAPLIN et al. v. MUTUAL CASH GUARANTY FIRE INS. CO.

Where, in an action on a policy, providing that it should be void in case other insurance was taken without defendant's consent, it was claimed that G. who issued the new insurance was also defendant's agent at the time, and had informed defendant's secretary thereof before the loss, the court erred in permitting G. over defendant's objection to testify that on the date the second policy was issued he was soliciting insurance for defendant, and was authorized to do business for them and by them.

In general, a witness who is not an expert cannot express any opinion on a question with relation to which all the facts may be placed before a jury.

In an action on a valued policy, it was error to permit plaintiff to prove that the premises had been materially increased in value since the policy was taken out by the addition of improvements.

(Opinion filed December 28, 1910.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by D. E. Chaplin and another against the Mutual Cash Guaranty Fire Insurance Company. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

*Boyce & Warren,* for appellant.

The policy provides: "It shall be the duty of the insurer, in order to avail himself of any provision in this policy rendering it void to promptly cancel the policy as provided herein upon having or obtaining notice or knowledge of the existence of any facts or circumstances which would, according to the terms of this policy, render it void; otherwise it will be deemed to have waived such provision or provisions avoiding the policy." The general rule of

law upon this subject before the adoption of this policy form was that where a policy provides that on a breach of condition the policy shall be void unless the consent of the insurer is obtained, the policy is absolutely void when a breach occurs, without any affirmative action on the part of the insurer. 19 Cyc. 712; Meadows v. Hawkeye Ins. Co., 17 N. W. 600; Johnson v. American Fire Ins. Co., 43 N. W. 59; Betcher v. Capital Fire Ins. Co., 80 N. W. 971; Carey v. German Am. Ins. Co., 20 L. R. A. 267. If a general agent, that is, one with power himself personally to issue policies or to supervise risks, subsequently to the taking out of a policy, acquires knowledge of a breach of a condition by the insured, his knowledge is to be imputed to the insurer. If he be an agent only to solicit insurance, deliver the policy, and collect the premium, his employment with respect to a given policy is terminated by the completion of such acts, and consequently knowledge obtained by him thereafter is acquired beyond the course of his employment and is not the knowledge of the insurer. 19 Cyc. 809; Knudson v. Legion of Honor, 7 S. D. 214; Smith v. Continental Ins. Co., 6 Dak. 433; Taylor v. State Ins. Co., 67 N. W. 577; Todd v. Farmers' Mutual Ins. Co., 100 N. W. 442; Harrison v. City Fire Ins. Co., 85 Am. Dec. 751; Devens v. Mechanics' Ins. Co., 83 N. Y. 168. Casual conversations, not bringing to the mind of the agent the material facts, do not constitute notice. St. P. Fire & M. Ins. Co. v. Parson, 50 N. W. 240; Stevens v. Queen Ins. Co., 51 N. W. 555; Traders' Ins. Co. v. Cassell, 56 N. E. 259; Golden v. N. Assur. Co., 49 N. W. 246; Shaffer v. Milw. Mech. Ins. Co., 46 N. E. 557; Union Nat'l Bank v. Ger. Ins. Co., 71 Fed. 473. The mortgage debt being more than the insurance, the sole right of action was in the mortgagee Glidden. Chaplin had no right of action and could not maintain an action in his own name. Westchester Ins. Co. v. Coverdale, 29 Pac. 682; Graves v. Ins. Co., 48 N. W. 684; Lowry v. Ins. Co., 37 L. R. A. 779; Cone v. Niagara Ins. Co., 60 N. Y. 619, 624; Maxcy v. New Hampshire Ins. Co., 55 N. W. 1130.

*T. M. Simmons*, for respondents.

Where an insurance company commits to an agent the right to solicit, supervise, and inspect its risk and attend to its business,

that the company is charged with knowledge of any fact that might be learned by such agent while engaged in the performance of his duties, and the agent of the insurance company having notice that the insured had obtained additional insurance will be deemed to have waived its right to insist upon a forfeiture. Phoenix Insurance Co. of Brooklyn v. Holcombe, 78 N. W. 300; Goode v. Georgia Home Ins. Co., 53 Am. St. Rpt. 817; Eagle Fire Co. v. Globe Loan & Trust Co., 62 N. W. 895; Power v. Monitor Ins. Co., 80 N. W. 111; Farnam et al. v. Phoenix Ins. Co., 23 Pac. 869; State Insurance Co. of Des Moines v. Taylor, 20 Am. St. Rpts. 281; Phoenix Ins. Co. v. Bowdre, 19 Am. St. Rept. 326. Knowledge of the general agent, or agent of an insurance company who writes and issues a policy of insurance concerning the title to the premises insured and of the general facts in relation to the insured property, is knowledge of the insurance company. Capital Insurance Co. v. Bank of Pleasanton, 31 Pac. 1069; Osborn v. Insurance Co., 64 Pac. 1103; John D. Foward v. Continental Insurance Co., 142 N. Y. 382; Kelly v. Citizens' Mutual Fire Ins. Association, 105 N. W. 675; May on Insurance, § 132, p. 146; May on Insurance, § 142, p. 160; May on Insurance, § 114, p. 164; May on Insurance, § 151, p. 173.

CORSON, J. This is an appeal by the defendant from a judgment entered in favor of the plaintiffs, and from the order denying a new trial. The action was instituted originally by D. E. Chaplin as sole plaintiff against the defendant upon a policy of insurance bearing date of March 12, 1907, to secure the payment of the sum of $1,000 in case of the loss by fire of plaintiff's flour mill property situated in the town of Hitchcock, Beadle county, in this state. Attached to the policy of insurance above described is the statement that: "Loss, if any, payable to A. J. Glidden, as his interests may appear." And it is alleged that the premises were destroyed by fire on January 2, 1908. The original complaint being demurred to and the demurrer sustained, an amended complaint was filed, in which the other defendant, A. J. Glidden, was named in connection with D. E. Chaplin as plaintiff, and annexed to the complaint and made a part thereof is a copy of the policy on which

the action is based. The defendant, for answer to the plaintiff's complaint, denies said complaint and each and every allegation therein contained except such as are thereinafter expressly admitted. The defendant admits that it is a corporation, and that the defendant issued to plaintiff Chaplin on or about the 12th day of March, 1907, a policy of insurance of which Exhibit A, attached to the complaint, is a copy, admits that the loss, if any, under said policy was made payable to the plaintiff A. J. Glidden as his interests might appear. The defendant, for further answer, alleges that by the express terms of said policy no concurrent insurance was permitted on said insured building, and that no other insurance was thereby permitted on said building, and that at and before the issuance of said policy the plaintiff stated and represented to the defendant that there was no other insurance on said building and that in and by said policy of insurance it was expressly provided and agreed that said policy should be void if the said plaintiff D. E. Chaplin then had or should thereafter obtain any other insurance on said property without the assent of said defendant company. Defendant further alleges that said plaintiff D. E. Chaplin, without the knowledge and without the assent of the defendant, did procure other insurance on said building, to-wit, a policy for $1,000 in the Merchants' Mutual Insurance Association of Redfield, S. D., bearing date of May 20, 1907, and which was in force at the time of the alleged loss of said insured property by fire, and that this defendant had no notice or knowledge thereof until long after said fire, by reason whereof said policy became and is void, and this defendant duly rescinded, and does now rescind, the same, and is entitled to have the same delivered up and canceled. There were other matters set up as a defense; but, in the view we take of the case, it will not be necessary to set them out in this opinion.

It is disclosed by the record that the policy in this action was issued by one B. Peterson, acting as agent of the defendant company, bearing date of March 12, 1907; that on May 20, 1907, a policy for $1,000 on the same property was issued by the Merchants' Mutual Insurance Association of Redfield, S. D., by one

F. B. Gray, acting as the agent for the Redfield Company. It is also disclosed by the record that said Gray during the year 1906 was the agent of the defendant. But whether or not Gray was still the agent of the defendant at the time he issued the Redfield policy constitutes one of the material issues in this case, and the only evidence tending to prove his authority to so act for the defendant was the testimony of said Gray, hereinafter referred to. There was no evidence proving, or tending to prove, that the defendant had any notice or knowledge of the execution of the policy by the Redfield Company through the agency of Gray, other than that imputed to it of the knowledge possessed by Gray and by notice claimed to have been given by Gray to the secretary of the company some two or three months after the issuance of the Redfield policy in a conversation between him and the secretary of the defendant while traveling together on a train between Sioux Falls and Salem.

It is provided in the policy in this action, in compliance with the prescribed standard form, as follows: "Any person who solicits insurance or issues policies of insurance, or procures applications therefor, shall be held to be, and considered, the general agent of the insurer issuing the policy or making a renewal thereof, except as to proof of loss and adjustment thereof, and neither the application of the insured nor the by-laws of the company shall be considered as a warranty or a part of the contract of insurance." And also: "It shall be the duty of the insurer, in order to avail himself of any provision in this policy rendering it void, to promptly cancel the policy as provided herein upon having or obtaining notice or knowledge of the existence of any facts or circumstances which would, according to the terms of this policy, render it void; otherwise it will be deemed to have waived such provision or provisions voiding the policy. Provided, that, if the grounds for cancellation under the last clause shall be distinctly specified in the written notice, such cancellation may be effected upon twenty-four hours' notice to the insured; and actual notice to, or the knowledge of, any agent of the company as above mentioned shall be deemed notice to, and knowledge of, the company."

Numerous errors are assigned by the appellant; but, in the view we take of the case, it will only be necessary in this opinion to consider the following questions presented by the record: (1) Was the evidence of Gray as to his agency admissible as against the objections made by the counsel for the defendant? (2) Was the evidence offered and received on the part of the plaintiff as to the value of the premises insured, competent or admissible under the pleadings in this action? Mr. Gray was called as a witness for the plaintiff, and testified as follows: "During the months of March, April, and May, 1907, I was writing fire insurance for four different companies." Among the companies named were the Merchants' Mutual of Redfield and the defendant company. He was then asked the following question: "Q. Mr. Gray, when did you commence to write insurance for the defendant company?" This question was objected to and objection overruled and exception taken. "A. I wrote quite a little insurance on the commission basis before I hired out to the company on a salary. I commenced working for them on a salary May 11, 1906, I think. * * * Q. You were what is known as the agent of the company?" This question was objected to as leading and calling for a conclusion of the witness, and not the best evidence, that it is not shown that the witness solicited the application for the policy in question, and the fact that he solicited the other policy would not be binding on this defendant company as to the policy in suit, and that it was at a date prior to the issuance of the policy by the Redfield Company. Objection overruled and defendant excepted. "A. I was. Q. And it was your business to solicit fire insurance for the defendant company from various people from time to time, was it not?" Same objection and exception. "A. It was. Q. When did your term as agent for the defendant company terminate? A. I don't know just the date, but I think the last I wrote for them was some time in October, 1906. Q. Mr. Gray, you were working on a commission basis for this company? A. After 1906. Q. Mr. Gray, on the date of the issuance of this policy by the Merchants' Mutual Insurance Association of Redfield, S. D., were you soliciting insur-

ance for the Mutual Cash Guaranty Fire Insurance Company, and authorized to do business for them, and by them?" This question was objected to as calling for a conclusion of the witness, the witness should state facts and not his own opinion. Objection overruled. Exception taken. "A. I was."

It is contended by the appellant that the court erred in admitting the evidence of Gray as to his agency, and we are inclined to the opinion that the appellant is right in its contention. It will be observed the witness stated no facts as to any authority conferred upon him by the defendant to act as its agent at the time the Redfield policy was issued, and his answer to the questions was simply an expression of his conclusion or opinion upon a material question upon which the jury was to pass, viz., Was Gray the agent of the defendant at the time the policy of the Redfield Company was issued to the plaintiff, Chaplin, for the additional insurance? It will be further noticed that Gray had testified in answer to the question, "When did your term as agent for the defendant company terminate? A. I don't know just the date, but I think the last I wrote for them was some time in October, 1906." As a general rule, it is not proper to allow a witness who is not an expert to express an opinion in any case upon a question with relation to which all the facts may be placed before a jury, and received as evidence, the opinion of a lay witness upon the precise issue submitted for trial in which case would permit the witness to usurp the province of the court or jury in trying the case. American Telephone & Telegraph Co. v. Green, 164 Ind. 349, 73 N. E. 707; McCornick v. Mining & Milling Co., 23 Utah, 71, 62 Pac. 820; State v. Williams, 67 N. C. 12; Ferguson v. Hubbell, 97 N. Y. 507, 49 Am. Rep. 544; State v. Harris, 51 La. Ann. 1105, 26 South. 64; Clark & Skyles on Law of Agency (1st Ed.) p. 170. See 10 Ency. of Evidence, 27-28, and cases cited.

In American Telephone & Telegraph Co. v. Green, supra, the learned Supreme Court of Indiana, in discussing a similar question, says: "The facts exhibiting what authority appellant expressly conferred upon Tice, and whether it authorized him to make the agreement in suit, could have been fully placed before

the jury. If the authority was in writing, the writing itself was the best evidence; if it was oral, the witness could have stated the instructions and directions that were given to him, and the sources from which and the circumstances under which they were received. When these facts were fully disclosed, express authority to make the contract upon the particular terms embodied in it as claimed by appellee might be wanting, and yet such facts and circumstances be shown as would justify the jury in implying the requisite authority. If the witness had been permitted to answer the questions above set out, it is manifest that his answer would have been merely the expression of an opinion or legal conclusion." The trial court sustained defendant's objection to the questions, and the appellate court affirmed the ruling of the trial court.

In the case of McCornick v. Mining & Milling Co., supra, it was held, as appears by the headnote, that, "where agency is the question directly involved in a case, the reputed agent as witness may not give his opinion or state his conclusion as to such agency, but may state the facts and circumstances concerning the various transactions between him and the alleged principals, leaving the court and jury to determine, under the facts disclosed, whether or not he was such agent." And in the opinion the learned court says: "Under the evidence, the principal question appears to be whether Haven was, during the term of the lease, acting as manager or agent of the lessor, or of the lessee. At the trial, sworn as a witness in behalf of plaintiff, he was asked: 'Were you manager of this English company (the Clifton Utah Company) or for any of the gentlemen referred to?' To this question the defendant interposed an objection as being improper to establish agency by such evidence, and the court sustained the objection, stating that a man cannot prove his agency by his own statements. The action of the court in the premises has been assigned as error, and it is now insisted that it was prejudicial to the rights of the appellant. We think not. Whether or not the court assigned a correct reason for sustaining the objection, the question, under the circumstances of the case, was objectionable.

It was, in effect, the same as asking the witness whether he was the agent of the English company, which, as we have seen, was one of the main issues in the case to be determined by the court and jury from all the facts and circumstances shown by the evidence. Whether he was an agent was a mixed question of law and fact, and not one upon which the witness could properly give his opinion. The general rule is that witnesses must testify to facts, and not to conclusions. It was competent for the witness to state all the facts, and show all the circumstances relating to or concerning the various transactions which he had with either or both companies prior and leading up to, and during the term of the lease, and at the time when the overdraft sued for was contracted, and then from such facts and circumstances, and the other evidence, it was the province of the court and jury to determine whether, in such transactions and at such time, he was the agent of or was acting for the English or the defendant company. Where the question of agency is, as in this case, made a principal issue at the trial of the cause, it is not competent for a witness to express an opinion upon such question."

In the recent work of Clark & Skyles on the Law of Agency, supra, the learned authors state the rule applicable to this class of cases as follows: "But where the question of agency is directly involved, an agent, as a witness, cannot give his opinion or state his conclusion as to the alleged agency; or, in other words, the fact of the agency cannot be established upon his testimony alone. He may merely state the facts and circumstances concerning the various transactions between him and his alleged principal, leaving the court and jury to determine, under the facts disclosed, whether or not he was such agent." In 10 Ency. of Evidence, supra, the rule is thus stated: "Where the question of agency or of the extent of authority is made a principal issue, it is not competent for a witness to express an opinion upon the question. He must state the facts. Testimony that a party is or is not an agent is a mere conclusion of law. Likewise, testimony that an agent had authority to do a certain act is a conclusion of law."

We are clearly of the opinion, therefore, that the court in overruling the defendant's objections to the questions propounded

to the witness Gray concerning his agency was clearly in error, for which a new trial must be granted.

It will be observed that the question as to whether or not Gray was still the agent of the defendant at the time the Redfield policy was issued through him to the plaintiff, Chaplin, was a material issue in the case; for, unless he was such agent, his knowledge cannot be imputed to the defendant and his alleged notice to the secretary of the defendant in a conversation on the train several months after the issuance of the Redfield policy cannot be regarded as notice to the defendant, for the reason that it does not affirmatively appear that sufficient facts were communicated to the agent to constitute a valid notice to the company.

On the trial the plaintiff was permitted to prove, over the objection of counsel for the defendant, that certain improvements were made upon the property after the issuance of the policy in this action which was made by the plaintiff, Chaplin, and the value of the premises in such improved condition. This evidence was objected to as irrelevant and immaterial and not within the issues in the case, but was admitted by the court and exception duly preserved. It is contended by the appellant that this evidence was clearly inadmissible, and that its introduction was prejudicial to the defendant, and was calculated to prejudice the jury against the defendant. We are of the opinion that the appellant is right in this contention. The policy issued to the plaintiff, Chaplin, and made payable to Glidden for the sum of $1,000, was a valued policy under the provisions of our Code, and in an action upon the policy the plaintiffs, if entitled to recover any sum under the policy, were entitled to recover the full amount as specified in the policy regardless of the value of the premises insured. In other words, the parties had fixed definitely the amount the plaintiff was entitled to recover, and that the defendant should be required to pay in case it was liable for loss of the property. And the material issue in the case was whether or not the plaintiff, in violation of his contract not to take out further insurance, had procured additional insurance without the assent of the defendant. It was immaterial, therefore, to this issue as to what improvements had

been made upon the property or as to its value, and the fact that improvements were made at the estimated value of $1,000 and that the property as improved was of the value of $3,500 or $4,000 as testified to by plaintiff's witnesses was immaterial and irrelevant under the issues presented by the pleadings. This testimony should, therefore, have been excluded upon the objection of the defendant.

The judgment of the circuit court and order denying a new trial are reversed.

HANEY, J. (dissenting). The jury found in answer to a special interrogatory upon conflicting evidence that Gray notified the defendant of the fact that the Redfield Company had issued a policy to plaintiff on the property covered by defendant's policy "by stating that fact to J. G. Beck." It is undisputed that Beck was the secretary or assistant secretary and manager of the defendant company when informed by Gray of the issuing of the Redfield policy. The jury were at liberty to believe the testimony of Gray. Then for the purpose of this appeal the fact that Beck had actual notice is established. "Actual notice consists in express information of a fact." Rev. Civ. Code, § 2450. Where information is communicated is not material. In this instance it was while Gray and Beck were traveling on a train. The latter did not cease to be defendant's general officer when absent from defendant's office. Notice to him was notice to the defendant. Having actual notice and not having canceled its policy, according to its terms, defendant waived the provision relating to additional insurance. This being so, the issues relating to Gray's authority as local agent and to improvements are immaterial. I think the judgment should be affirmed.

SMITH, J., concurring.